FILED
2019 SEP 18 AM 11: 57
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
## CIVIL DIVISION

**BRYAN ANTHONY REO**
P.O. Box 5100
Mentor, OH 44061

    Plaintiff,

v.

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844

    Defendant.

19CV001530
EUGENE A. LUCCI

Exhibit "A"
Plaintiff's State Complaint

**BRYAN ANTHONY REO**
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E) Reo@ReoLaw.org
*Pro se Plaintiff*

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

    BRYAN ANTHONY REO (Plaintiff), alleges the following against MARTIN LINDSTEDT (Defendant):

### I. INTRODUCTION

1. Plaintiff sues Defendant in the instant civil action for tortious conduct related to Defendant's campaign of cyber harassment and defamation per se against Plaintiff via the World Wide Web.

## II. PARTIES

2. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio. For purposes of Plaintiff's causes of action against Defendant, Plaintiff is a non-public figure.

3. Defendant is a natural person of the State of Missouri who resides at 338 Rabbit Track Road, Granby, MO 64844.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00). R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. § 2307.382(A)(6); Civ.R. 4.3(A)(9); *Kauffman Racing Equip., L.L.C., v. Roberts*, 126 Ohio St.3d 81, (Ohio 2010) (holding that a non-commercial website intentionally used to defame an Ohio resident provides Ohio courts personal jurisdiction over foreign tortfeasor). Defendant has also regularly come to Lake County Ohio for purposes of further harassing and defaming Plaintiff [including defaming him at the Lake County Bar Association in Painesville], and Defendant was at one time subjected to a civil protection stalking order restraining him from contacting Plaintiff.

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant has a long history of libeling Plaintiff; Defendant lost a jury trial in the consolidated cases of 16CV000825 and 15CV001590 with a verdict being rendered in Plaintiff's favor on claims of defamation per se and false light on 6/26/2019 for libel that occurred throughout 2015 and 2016. The jury awarded Plaintiff $105,000.00 against Defendant Martin Lindstedt and $400.00 against his so-called church, "Church of Jesus Christ Christian Aryan Nations of Missouri."

8. On August 9, 2019 [8/9/2019] Defendant published on the worldwide web a statement that Plaintiff had engaged in homosexual oral sex with a Missouri state trial court judge, called by Defendant "Judge Grindr-Greggie Stremel" to get a favorable ruling on the paperwork to domesticate the judgment that was duly recorded against Defendant in Lake County Court of Common Pleas in 16CV000825 and 15CV001590.

See- http://www.whitenationalist.org/forum/showthread.php?2177-Reo-v-Lindstedt-19NW-CV1809-in-Newton-County&p=20206#post20206

9. Upon information and belief the use of the term "Grindr" is a reference to a homosexual hook-up app that is widely regarded as the "gay version of Tinder." https://en.wikipedia.org/wiki/Grindr

10. An allegation that an officer of the court had sexual relations with a judge to get a favorable ruling is an allegation of criminal conduct, professional misconduct, and a crime of moral turpitude and general behavior that would cause Plaintiff to be held in disrepute and viewed in a highly negative manner.

11. Bribery is defined as a crime by R.C. 2921.02 and is a felon of the third degree.

3

12. An allegation of exchanging sexual favors for improper influence of a public official is an allegation of the crime of bribery.

13. An allegation of bribery would also be an allegation of violating the Ohio Rules of Professional Conduct.

14. As of the time of this filing Plaintiff has never met Judge Gregory Stremel.

15. Plaintiff has never bribed a judge.

16. Plaintiff has never bribed any public official.

17. Plaintiff has never engaged in homosexual sex.

18. Plaintiff has never performed nor received oral sex in any context involving another male.

19. Plaintiff has never given any judge anything of value to influence that judge's discharge of his public duties.

20. On September 6, 2019, [9/6/2019] Defendant published on the worldwide web a statement that Plaintiff was having a homosexual incestuous relationship with Plaintiff's own father, which would also entail Plaintiff participating in an extra-marital affair and cheating against Plaintiff's wife Stefani Rossi Reo.

21. Defendant posted the case caption of a domestic relations proceeding filed in February 2019 which involved a joint petition for dissolution of marriage as between Plaintiff and Stefani Rossi Reo. Defendant cast this filing into a false light and claimed that the reason for the break-down in Plaintiff's marriage was that Plaintiff was a homosexual having homosexual sex with his own father. The reason Defendant gave for Plaintiff's marital difficulties was not only inaccurate, it simply did not contain any truth.

22. Defendant cast Plaintiff's marital difficulties in a false light.

23. See- http://www.whitenationalist.org/forum/showthread.php?2101-Ol-Niggerlips-v-Mrs-Niggerlips&p=20294#post20294

24. Defendant identified Plaintiff by name and provided sufficient information about Plaintiff's father such that Plaintiff's father could be reasonably identified from the context of the statement.

25. Incest is defined as a crime by Missouri Revised Statute 568.020 which provides that it is a Class D Felony if a person has sexual intercourse with an ancestor or descendant.

26. Plaintiff has never had sexual relations with his father.

27. Plaintiff, while married, has never had sexual relations with any person other than his wife Stefani Rossi Reo.

28. Plaintiff has never had incestuous sex with any relative.

29. Plaintiff has never engaged in homosexual sexual conduct or contact with any man.

30. On September 10, 2019 [9/10/2019] Defendant published on the worldwide web a statement that Plaintiff was extorting Defendant in violation of law despite the fact that no stay of execution on any judgment had been granted by that time [or by the time of the filing of this complaint] and despite the fact that Defendant had never posted a supersedeas bond to stay execution of the judgment in question.

See- http://www.whitenationalist.org/forum/showthread.php?2177-Reo-v-Lindstedt-19NW-CV1809-in-Newton-County&p=20319#post20319

31. Extortion is defined as a crime by R.C. 2905.11 and is a felon of the third degree.

32. An allegation of extortion is an allegation of criminal conduct.

33. An allegation of extortion is also an allegation of conduct violative of the Ohio Rules of Professional Conduct.

34. Plaintiff has never engaged in extortion, in any of his cases, let alone the specific cases in question, those proceedings being 16CV000825 and 15CV001590 and post-judgment attempts to enforce and execute on the judgment.

35. Defendant has caused injury to Plaintiff in excess of five hundred thousand dollars ($500,000.00).

## V. TRIAL BY JURY DEMANDED

36. Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

## VI. CAUSES OF ACTION

### COUNT I
### COMMON LAW DEFAMATION

37. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

38. Defendant published false and defamatory statements about Plaintiff to third-parties via the medium of the World Wide Web.

39. Defendant's false and defamatory statements about Plaintiff were made by Defendant without privilege.

40. Defendant acted with at least negligence in making false and defamatory statements about Plaintiff.

41. Defendant failed to act reasonably in attempting to discovery the truth or falsity or defamatory character of Defendant's publication about Plaintiff.

42. Defendant's false and defamatory statements about Plaintiff are defamatory per se insofar as said statements reflect upon the character of Plaintiff by bringing him into ridicule, hatred, or contempt, and affects Plaintiff injuriously in his future trade or profession.

43. Defendant's false and defamatory statements about Plaintiff are defamatory per se to the extent that most of the statements in question are allegations or accusations of criminal conduct in violation of various sections in the Ohio Revised Code. Other allegations are defamatory per se to the extent that they are allegations of conduct that would constitute violations of the Rules of Professional Conduct.

44. Defendant committed against Plaintiff the common law tort of libel per se.

## COUNT II
## COMMON LAW INVASION OF PRIVACY – FALSE LIGHT

45. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

46. Defendant made false and derogatory statements about Plaintiff that Defendant publicized via the medium of the World Wide Web.

47. The false and derogatory statements made by Defendant about Plaintiff placed Plaintiff before the public in a false light.

48. The false and derogatory statements made by Defendant about Plaintiff are highly offensive to a reasonable person.

49. Defendant is at fault and knew or acted with recklessness as to the truth of the statements made by Defendant that concern Plaintiff.

50. As a direct and proximate result of Defendant's statements about Plaintiff, Plaintiff has been and will continue to suffer damages in the form of mental anguish and reputational injury.

51. Defendant committed against Plaintiff the tort of invasion of privacy – false light.

## COUNT III
## COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

53. By and through publishing false statements of fact about Plaintiff to third-parties via the medium of the World Wide Web, Lindstedt engaged in extreme and outrageous conduct.

54. Lindstedt acted with an intentional or reckless *scienter* when Lindstedt published false statements of fact about Plaintiff.

55. Due directly and proximately to Lindstedt publishing false statements of fact about Plaintiff, Plaintiff has suffered severe emotional distress in the form of vexation, irritation, anxiety, frustration, and hatred.

56. Lindstedt is liable to Plaintiff for common law intentional infliction of emotional distress.

## COUNT IV
## PERMANENT INJUNCTION

57. The foregoing paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

58. Some or all of the improper and unlawful conduct of Defendant is continuing and will continue in the future absent injunctive relief from the Court, and Plaintiff will continue to be damaged by the same.

59. In the absence of the entry of a permanent injunction by the Court, Plaintiff will suffer serious and irreparable harm and injury, including but not limited to damage to Plaintiff's reputation.

60. The entry of a permanent injunction will not unduly harm or burden Defendant because Defendant is required as a matter of law to refrain from tortiously harming Plaintiff's reputation via the World Wide Web.

61. Public policy favors the entry of a permanent injunction because such relief will prevent unlawful conduct and will preserve and protect Plaintiff's reputation from further injury.

62. Plaintiff has no adequate remedy available at law unless he is expected to continue to file civil actions against Defendant each and every time Defendant further defames Plaintiff.

63. Plaintiff is entitled to a permanent injunction in which Defendant is compelled to remove from the World Wide Web and not republish thereto any and all derogatory materials Defendant or Defendant's agents published there about Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant Martin Lindstedt in Plaintiff's favor in an amount of money that exceeds five hundred thousand dollars ($500,000.00) for general and special damages, award Plaintiff punitive damages against Defendant in an amount the Court deems just and proper, award Plaintiff all costs associated with maintaining the instant civil action, award Plaintiff all pretrial and post-trial interest on any and all monetary relief awarded to Plaintiff, award Plaintiff injunctive relief by ordering Defendant to remove from the World Wide Web and not republish thereto derogatory or invasive materials about Plaintiff that Defendant or Defendant's agents published about Plaintiff, and will award Plaintiff all other relief to which Plaintiff is entitled as a matter of law or equity.

Respectfully submitted,

*[signature]*

Bryan Anthony Reo
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Pro se Plaintiff*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

**COMMON PLEAS COURT**
**LAKE COUNTY, OHIO**
Case Designation Form Loc. R II(C)(1)
For all cases except Foreclosure

Anthony Domenic Reo

vs.

Morten Linckstedt

19CV001530
EUGENE A. LUCCI

Per LOC R. II (C)(3), refilling of cases pre[viously dismissed, the]
designation upon the face of the complaint [shall include the word]
"REFILING" must appear in upper case letter under the word "COMPLAINT". Directly
beneath the word "REFILING" the complaint shall identify the case number of this dismissed
action. Former Case no. _____

### Case Categories (Mark one category only)

**Administrative Appeal** (Specific ORC Sec.) Section _____
**Consumer Sales Practices:** Actions commenced under applicable section of ORC Chapters:
109, 1315, 1317, 1321, 1322, 1333, 1334, 1345, 1349, 3953, 4505, 4549, 4710, 4712, 4719,
4775, 4905 or 5311
_____ Contract or Quasi Contract
_____ Criminal
_____ Declaratory Judgment
*See Foreclosure Case Designation Form*
_____ Foreign Judgment
_____ Malpractice (specify) _____
_____ Credit Card (CI)
_____ Personal Injury
_____ Product Liability
_____ Professional Tort
_____ Provisional Remedy (Replevin, Attachment, Garnishment)
_____ Workers Compensation
__X__ Other Tort  Libel per se
_____ Other Civil

FILED 2019 SEP 18 AM 10:58 MAUREEN G. KELLY LAKE CO. CLERK OF COURT

The designation "money only" may not be used if one of the above specific categories is
applicable. Further, the caption shall note any statutory provision that is unique to the
particulate cause and controls the time within which the case is to proceed, once filed. (EX.
Miscellaneous – Contest of Election (ORC Section 3515.10 – Hearing within 30 days.)

Revised Code Section unique to this particular cause which controls the time within which the
case is to proceed: _____

Bryan Reo _____ Signature
Reo Law LLC _____ Printed name & Registration No.
Bryan Reo  0097470 _____ Firm name
P.O. Box 5100 Mentor, Ohio 44061 Address
440-313-5893 _____ Phone number

revised 9/27/13 nr

FILED
2019 OCT 21 PM 2:47
MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

BRYAN ANTHONY REO,

    Plaintiff,

v.

MARTIN LINDSTEDT,

    Defendant.

Case No. 19CV001530

Hon. Eugene A. Lucchi

Exhibit "B"
Defendant's ~~Acknow~~
Accepts Service

| | |
|---|---|
| **REO LAW LLC**<br>By: Bryan Anthony Reo (#0097470)<br>P.O. Box 5100<br>Mentor, OH 44061<br>(P): (440) 313-5893<br>(E): Reo@ReoLaw.org<br>*Pro Se Plaintiff & Attorney* | **MARTIN LINDSTEDT**<br>338 Rabbit Track Road<br>Granby, MO 64844<br>(P): (417) 472-6901<br>(E): pastorlindstedt@gmail.com<br>*Pro se Defendant*<br>/ |

## DEFENDANTS' ACKNOWLEDGE SERVICE VIA REGULAR MAIL

COMES NOW the current Defendant Pastor Martin Lindstedt acknowledges that he received via US Mail this bogus, fraudulent and vexatious civil complaint & summons of the above-mentioned case of Bryan Reo trying to steal Lindstedt's inheritance in South Dakota on 17 Oct 2019 via abuse of legal process after having pretty much the same case removed to federal level *Bryan Anthony Reo v. Martin Lindstedt* (19CV001304). Bryan Reo is filing these frivolous and fraudulent cases in order to steal Pastor Lindstedt's $2 million inheritance in South Dakota $500,000 gulps at a time and has thus enlisted its wife, *Stefani Rossi Reo* 19CV001466 and father, *Anthony Dominic Reo* 19CV1531. Defendant has 28 days from 17 Oct 2019 to

1

answer/counter-complaint to this bogus civil complaint and possibly to remove the case to the federal district court.

Hail Victory!!!

*[signature]*

Pastor Martin Lindstedt, Defendant

338 Rabbit Track Road, Granby Missouri 64844 (Tel #) 417-472-6901

(pastorlindstedt@gmail.com)

## Certificate of Service

I, Pastor Martin Lindstedt do hereby certify that a true and genuine copy of the foregoing has been dispatched by United States mail on Oct 18 2019 to Plaintiff *Bryan Anthony Reo v. Lindstedt* 19CV001531 at:

Attorney Bryan Reo
7143 Rippling Brook Lane
P.O. Box 5100
Mentor Ohio 44061