# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-cv-02589-CAB |
| Plaintiff, | Hon. Christopher A. Boyko |
| v. | Mag. Thomas A. Parker |
| **MARTIN LINDSTEDT,** | |
| Defendant. | |

## THIRD-PARTY DEFENDANT KYLE J. BRISTOW'S REPLY TO THIRD-PARTY PLAINTIFF MARTIN LINDSTEDT'S RESPONSE TO THIRD-PARTY DEFENDANT KYLE J. BRISTOW'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P. 12(B)(6)

### (ORAL ARGUMENT NOT REQUESTED)

NOW COMES Kyle J. Bristow ("Bristow"), *pro se*, and hereby propounds upon Martin Lindstedt ("Lindstedt"), the other parties of the instant civil action, and this Honorable Court Third-Party Defendant Kyle J. Bristow's Reply to Third-Party Plaintiff Martin Lindstedt's Response to Third-Party Defendant Kyle J. Bristow's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) and Fed. R. Civ. P. 12(B)(6):

### I. THIRD-PARTY PLAINTIFF MARTIN LINDSTEDT HAS FAILED TO ESTABLISH THAT THE COURT ENJOYS PERSONAL JURISDICTION OVER THIRD-PARTY DEFENDANT KYLE J. BRISTOW

Lindstedt bears the burden of establishing that the Court enjoys personal jurisdiction over Bristow. See *Binion v. O'Neal*, 95 F.Supp.3d 1055, 1058 (E.D. Mich. 2015) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). "In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that

the court has jurisdiction." *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

In the instant case, Lindstedt did not meet his burden of establishing that the Court enjoys personal jurisdiction over Bristow via Ohio's long-arm statute and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Furthermore, Lindstedt relief upon his pleading and did not show specific facts which demonstrate that the Court enjoys personal jurisdiction over Bristow.

It should be noted that Lindstedt alleges in a boilerplate, conclusory manner—without alleging facts in support thereof—that Bristow conspired with Plaintiff Bryan Reo to injure Lindstedt, but this is insufficient to establish that the Court enjoys personal jurisdiction over Bristow.

There is an excellent treatise concerning long-arm personal jurisdiction existing—or not existing—when conspiracies are alleged to be present: Ann Althouse, *The Use of Conspiracy Theory to Establish In Personam Jurisdiction: A Due Process Analysis*, 52 Fordham L. Rev. 234 (1983), available online at <https://ir.lawnet.fordham.edu/cgi/viewcontent.cgi?article=2563&context=flr>.

In *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2nd Cir. 1972), it was noted that "the mere presence [in the forum] of one conspirator * * * does not confer personal jurisdiction over another alleged conspirator." In *Turner v. Baxley*, 354 F. Supp. 963, 977 (D. Vt. 1972), it was observed that an act in furtherance of a conspiracy is alone insufficient to establish personal jurisdiction over an out-pf-state conspirator.

Furthermore, in *Socialist Workers Party v. Attorney General*, 375 F. Supp. 318, 321-322 (S.D.N.Y. 1974), the plaintiffs sought to base jurisdiction on one act, which was committed in the

forum and attributed to the defendants only through the allegation of conspiracy. The *Socialist Workers Party* court held that the alleged facts did not adequately "connect" the out-of-state defendants with the forum state. *Id.* at 322. The *Socialist Workers Party* court further held that because the attempt to connect the defendants to the act in the state "was based on nothing but speculation," it was unfair to subject the foreign defendants to the burdens of discovery and other pretrial proceedings. *Id.* at 325.

As was noted in the above-referenced law review article, "Most courts have parroted *Leasco* in stating that the mere presence of a co-conspirator in the forum state does not confer jurisdiction, but like the court in *Socialist Workers Party*, have assumed that the conspirator theory is available in appropriate cases." 52 Fordham L. Rev. at 242. (Citations omitted.) Said law review article further notes,

> At a minimum, most courts require a plaintiff to allege facts which, if proven, show: 1) that a conspiracy existed; 2) that the defendant over whom jurisdiction is sought became a member of the conspiracy; and 3) that a co-conspirator committed an act—or a "substantial act"—in furtherance of the conspiracy in the forum state. Some courts condense this tripartite test into the requirement that the defendant have some "connection"—or "substantial connection"—to the alleged contact with the forum state.

*Id*. at 243-244. (Citations omitted.)

In the instant case, no act—much less a substantial act—is alleged by Lindstedt to have occurred in Ohio due to Bristow. Furthermore, Bristow does not have a "substantial connection" to Ohio such that personal jurisdiction is appropriate.

Courts also examine whether the non-resident defendant consented to or directed the act in the forum state and whether the act was done on the non-resident defendant's behalf. See *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2nd Cir. 1981); *Dixon v. Mack*, 507 F.Supp. 345, 350

3

(S.D.N.Y. 1980); *Weinstein v. Norman M. Morris Corp.*, 432 F. Supp. 337, 343-44 (E.D. Mich. 1977).  In the instant case, Lindstedt has not raised any such allegations against Bristow.

Courts also look at whether the non-resident defendant should have reasonably foreseen that the conspiracy would have an effect in the forum state.  See *Leasco*, 468 F.2d at 1341 (foreseeability required); *Gemini Enters. v. WFMY Television Corp.*, 470 F. Supp. 559, 564 (M.D.N.C. 1979) ("co-conspirator knew or should have known that acts would be performed in the forum state"); *Ammon v. Kaplow*, 468 F. Supp. 1304, 1312 (D. Kan. 1979) ("foreseeable consequences").  In the instant case, Bristow has nothing to do with Plaintiff Bryan Reo suing Lindstedt, and it was not reasonably foreseen by Bristow that Lindstedt would drag Bristow into court in Ohio.

In *Turner*, 354 F. Supp. at 977, the court considered whether the alleged conspiracy was "directed toward" or "calculated to have an effect in" the forum state; under this analysis, due process will not permit the plaintiff to use insignificant acts in the forum to assert jurisdiction over all co-conspirators.  *Id*.  In the instant case, there was no conspiracy—much less one which was directed toward Ohio.

As such, the Court can and should dismiss Lindstedt's third-party claims against Bristow via Fed. R. Civ. P. 12(b)(2).

### II. THIRD-PARTY PLAINTIFF MARTIN LINDSTEDT HAS FAILED TO PLEAD A CLAIM AGAINST THIRD-PARTY KYLE J. BRISTOW WHICH IS RECOGNIZED BY LAW

Lindstedt alleges in his Response to Bristow's Fed. R. Civ. P. 12(b)(6) motion that Bristow is being sued via 42 U.S.C. § 1983.  However, Bristow is not a governmental actor—Bristow is a private practice lawyer—, and as such, Lindstedt's 42 U.S.C. § 1983 fails as a matter of law.

4

An essential element of a 42 U.S.C. § 1983 claim is that the purported tortfeasor acted under color of state law. *Flagg Bros. v. Brooks¸* 436 U.S. 149, 155 (1978). Furthermore, the Fourteenth Amendment imposes limitations only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful they may be. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n¸* 531 U.S. 288, 295 (2001); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (42 U.S.C. § 1983 is not implicated by "merely private conduct, no matter how discriminatory or wrongful"); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Even a public defender's representation, for example, of an indigent criminal defendant is not under the color of state law. *West v. Atkins*, 487 U.S. 42, 50 (1988) (discussing *Polk Cnty.v. Dodson*, 454 U.S. 312 (1981)). Bristow is a private practice lawyer and 42 U.S.C. § 1983 applies not to said attorney.

As such, the Court can and should dismiss Lindstedt's third-party claims against Bristow via Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

    **BRISTOW LAW, PLLC**

    /s/ Kyle J. Bristow
    Kyle J. Bristow, Esq.
    P.O. Box 46209
    Mt. Clemens, MI 48046
    (T): (248) 838-9934
    (F): (586) 408-6384
    (E): bristowlaw@gmail.com
    *Pro se Third-Party Defendant*

Dated: April 19, 2020

## **CERTIFICATE OF SERVICE**

I, Kyle J. Bristow, affirm that I am a *pro se* party of the above-captioned civil action, and on April 19, 2020, I electronically filed this document with the Clerk of the Court by using the Court's Electronic Filing System, which should serve notification of said filing to all attorneys of record who are registered to receive such electronic service.

Furthermore, I affirm that on April 19, 2020, I place a true and accurate copy of this document in the United States Mail located in City of Mt. Clemens, Macomb County, State of Michigan, which was addressed to Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844.

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
P.O. Box 46209
Mt. Clemens, MI 48046
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
*Pro se Third-Party Defendant*

Dated:  April 19, 2020