IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo, ) | Case No. 1:19cv02589 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| Martin Lindstedt, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |
| ) | |

### I.      Introduction

This motion arises out of a defamation and false light action between plaintiff, Bryan Anthony Reo ("Reo"), and defendant, Martin Lindstedt ("Lindstedt"). Lindstedt's amended answer asserts "counterclaims" against the State of Ohio ("Ohio") for damages awarded against him by an Ohio Court and for permitting Bryan Reo to practice law. Ohio moves to dismiss those counterclaims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing that this court lacks subject matter jurisdiction and that Lindstedt has failed to state a claim upon which relief can be granted. ECF Doc. 31. Because the court lacks subject matter jurisdiction and because Lindstedt has failed to state a claim, I recommend that the Court GRANT Ohio's motion to dismiss Lindstedt's counterclaims against it.

**II.     Background**

Reo resides in Lake County, Ohio, and is authorized to practice law in Ohio. Lindstedt is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri. ECF Doc. 1. Reo filed a lawsuit against Lindstedt and his church in the Lake County Court of Common Pleas for statements made by Lindstedt throughout 2015 and 2016. ECF Doc. 1 at ¶7. Because he is not an attorney, Lindstedt was not permitted to represent his church in the state case. ECF Doc. 17 at ¶29. In June 2019, a jury awarded Reo $105,000 in damages against Lindstedt and his church. ECF Doc. 1 at ¶7. Of that amount, only $400 was awarded against Lindstedt's church. ECF Doc. 17 at ¶29. Lindstedt has appealed that judgment to the Ohio Court of Appeals. ECF Doc. 17.

In August 2019, statements accusing Reo of bribing a Missouri state judge with sexual favors appeared on http://whitenationalist.org. ECF Doc. 1 at ¶7. In September, more statements were published accusing Reo of an incestual relationship with his father and of having an extramarital affair. *Id.* at ¶20. In response to the publication of these statements, Reo filed two more actions,[1] against Lindstedt in the state court alleging common law defamation, false light, and intentional infliction of emotional distress. Reo's wife, Stefani Rossi Reo, and Reo's father, Anthony Domenic Reo, also filed two separate state court actions asserting the same claims. *See Stefani Rossi Reo v. Martin Lindstedt*, No. 1:19-cv-02786, *Anthony Domenic Reo v. Martin Lindstedt*, No. 1:19-cv-02615. Lindstedt subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds. Lindstedt claims that these four cases represent a coordinated effort by Reo, his family, and his lawyers to "steal" Lindstedt's 1800-acre property in South Dakota. ECF Doc. 17 at ¶20.

---

[1] In addition to this case, *Bryan Anthony Reo v. Martin Lindstedt*, No. 1:19-cv-02589, Reo also filed a second action currently before Judge Oliver, *Bryan Anthony Reo v. Martin Lindstedt*, No. 1:19-cv-02103.

Lindstedt's answer attempts to state multiple "counterclaims"[2] against Ohio. ECF Doc. 17. Lindstedt's primary claim against Ohio appears to be a 42 U.S.C. § 1983 claim based on a violation of his First Amendment rights of free speech, freedom of religion, and freedom of the press. He argues that, by allowing an Ohio-licensed attorney to bring claims attacking his "racial religion" in Ohio state courts, Ohio violated his First Amendment rights. ECF Doc. 17 at ¶29–30. He also claims that Ohio violated his church's rights by issuing a $400 judgment against it. *Id.* In addition to the "counterclaims" against Ohio, Lindstedt also asserts "counterclaims" against Judge Patrick Condon, the Lake County judge who presided over his libel case, and the Lake County Court of Common Pleas. ECF Doc. 17.

Ohio moves to dismiss Lindstedt's claims for both lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF Doc. 31.

### III.     12(b)(1)—Lack of Subject Matter Jurisdiction

Ohio moves for dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because it is immune to suit under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity functions as a jurisdictional bar to prevent federal courts from hearing cases brought against a state by the citizens of that state or of another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

---

[2] Lindstedt's claims against parties other than Bryan Reo cannot be counterclaims; counterclaims can only be asserted against the party who sued a defendant. What Lindstedt is attempting is the statement of claims against non-parties or what is described as third party practice (for which he would have been required to file a third party complaint). Fed. R. Civ. P. 14.

3

A state may waive its Eleventh Amendment immunity and consent to a federal court's jurisdiction, but that consent must be "unequivocally expressed." *Id.* at 99. Congress also has the authority to abrogate Eleventh Amendment immunity to enforce rights guaranteed by the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). But Congress did not abrogate Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 (*Quern v. Jordan*, 440 U.S. 332, 340–41, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979)), and Lindstedt's claim can only proceed if Ohio has consented to be sued.

Simply put, Ohio has not consented to be sued in this action. Although § 1983 claims may be asserted against state employees, they cannot be asserted against the state. As is explained below, the state is not a "person" under § 1983. *Burkey v. Southern Ohio Corr. Facility*, 38 Ohio App. 3d 170, 171, 528 N.E.2d 607 (10th Dist. 1988). In the words of the Ohio Court of Appeals:

> Generally, it has been held that the remedy afforded the one whose civil rights have been violated is to proceed against the officials who refuse to protect the individual's civil rights and that the state was granted immunity under the Eleventh Amendment in federal court against such suit and, also, in state court in that the state is not considered to be a person within the apparent intent of Section 1983.

*Id.* Because § 1983 only provides a remedy against state officials and not the state itself, Ohio law does not permit § 1983 claims against the state. Lindstedt has not cited any contrary authority.

Lindstedt's response to Ohio's motion generally repeats his claims against all "counter-defendants." ECF Doc. 39. He does, however, argue that Eleventh Amendment immunity infringes on the rights extended to him through the Bill of Rights. ECF Doc. 39 at 1–2. However, the Eleventh Amendment does not function as an absolute bar against any relief for constitutional violations. Remedies are available for the alleged violation of Lindstedt's

4

constitutional rights that do not involve suing the state in federal court. For example, Lindstedt has the remedy of a direct appeal from the state court judgment, and he *has* appealed that judgment to the Ohio Court of Appeals.

Because Ohio has not consented to be sued under § 1983 and because Congress has not otherwise abrogated Ohio's Eleventh Amendment immunity by permitting § 1983 claims against states, the Eleventh Amendment protects Ohio from Lindstedt's claims in federal court. For this reason, I recommend that the Court GRANT Ohio's 12(b)(1) motion and dismiss Lindstedt's counterclaims against Ohio for lack of subject matter jurisdiction.

Although I have recommended that the Court grant Ohio's 12(b)(1) motion, to be of greatest assistance to the court, I will also provide analysis on Ohio's 12(b)(6) motion as an alternative ground for dismissal.

## IV. 12(b)(6)—Failure to State a Claim

Ohio has also moved to dismiss Lindstedt's counterclaim under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. Jan 4, 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5

Ohio argues that Lindstedt's claims must be dismissed because Ohio is not a "person" as defined by 42 USCS § 1983. Ohio is correct. The United States Supreme Court has ruled, post-*Monell,* that a state is not "a person" within the meaning of § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). Section 1983 permits a cause of action when a claimant alleges that "a person" acting under color of state law violates the constitutional of the claimant. And, because Lindstedt brings his claims against Ohio under 42 USCS § 1983 (ECF Doc. 17 at ¶30), he has not stated a valid claim.

Moreover, even if Ohio *were* amenable to suit under § 1983, Lindstedt's claims would fail because he has not alleged a valid constitutional violation. To prove a claim under § 1983, a plaintiff must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States, and that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Lindstedt's alleged constitutional violation appears to be that Ohio's defamation laws are unconstitutional because they allow suit against him for exercising his freedom of speech. ECF Doc. 17 at ¶30.

However, Lindstedt was not deprived of his First Amendment rights because Ohio's defamation laws do not *per se* violate the freedoms protected by the First Amendment. States have a recognized, legitimate interest in providing a means by which individuals may seek compensation for harm caused by false statements. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 341, 94 S. Ct. 2997 (1974). The First Amendment naturally imposes some limits on state defamation claims. For example, when the public would have an interest in potentially defamatory statements, the Supreme Court has held that state defamation laws must require some degree of fault in publishing a falsehood and cannot base liability on the mere publication of a

6

falsehood alone. *Gertz*, 418 U.S. at 347–48. But Ohio's defamation laws comply with those First Amendment's limitations, and Lindstedt's First Amendment rights were not violated because Ohio permitted Reo to assert a defamation claim.

As for Lindstedt's claims on behalf of his church, Lindstedt is unable to assert them because he is not an attorney. *Pro se* litigants may only represent themselves, not another party in an action. *Newton v. Sowell*, No. 1:13-cv-948, 2013 U.S. Dist. LEXIS 63582, at *9 (N.D. Ohio May 2, 2013). Lindstedt is attempting to advocate a claim on behalf of his "Church Corporation." ECF Doc. 17 at ¶10. Lindstedt acknowledges that the court has already ruled that he cannot bring these claims as a non-lawyer. *Id.* However, he argues that barring him from representing his church is unfair because Reo, an Ohio bar-admitted attorney, is allowed to "abuse the legal process" by bringing claims against his church when his church cannot defend itself. Lindstedt's claim lacks merit. Reo representing himself is different than Lindstedt representing a separate entity. Just like Reo, Lindstedt has been permitted to represent himself in this case. Lindstedt is not permitted to raise alleged constitutional violations on behalf of his church.

Because Ohio is not a person under 42 U.S.C. § 1983, Lindstedt has failed to state a cognizable § 1983 claim against Ohio. Further, Lindstedt has failed to state any constitutional violation by Ohio. And he is not permitted to raise constitutional claims (or any claims) on behalf of his church. For those reasons, I recommend that the Court GRANT Ohio's 12(b)(6) motion and dismiss Lindstedt's counterclaims against Ohio for failure to state a claim.

## V.     Recommendations

Because Ohio has not consented to be sued, it is entitled to Eleventh Amendment immunity from Lindstedt's claims. For this reason, I recommend that the Court GRANT Ohio's

7

motion and DISMISS Lindstedt's counterclaims against Ohio for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Alternatively, because Ohio is not a person under 42 U.S.C. § 1983 and because Lindstedt has failed to allege an underlying constitutional violation necessary for stating a §1983 claim, I recommend that the Court GRANT Ohio's motion and DISMISS Lindstedt's counterclaim under Fed. R. Civ. P. 12(b)(6).

Dated: August 6, 2020

Thomas M. Parker
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).