IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo, | Case No. 1:19cv02589 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| Martin Lindstedt, | |
| Defendant. | **REPORT & RECOMMENDATION** |

**I.    Introduction**

This case involves a defamation and false light action between plaintiff, Bryan Anthony Reo ("Reo"), and defendant, Martin Lindstedt ("Lindstedt"). The initial pleading phase of this case has been highly contested. The parties have filed numerous motions to strike and challenges to the initial pleadings. The Court has already permitted Lindstedt to amend his answer and "counterclaims." ECF Doc. 17. The undersigned is in the process of issuing reports and recommendations on the three separate motions to dismiss some of the "counterclaims[1]" Lindstedt attempted to assert in that pleading. Lindstedt has now moved the court for leave to amend his answer and counterclaims to join additional "co-conspirators" to this action under Fed. R. Civ. P. 15(a)(2). ECF Doc. 45. Because those amendments would be futile and would cause further delay, I recommend that the Court DENY Lindstedt's motion for leave to amend.

---

[1] As stated in my separate reports and recommendations, the claims that Lindstedt seeks to assert are not counterclaims but third-party claims.

## II.     Background

Lindstedt resides in Granby, Missouri. Reo resides in Mentor, Ohio. ECF Doc. 1 at 2. Lindstedt's proposed amendments relate to two state court cases in which Lindstedt is or was a party. The first is a Missouri state court action, *Lindstedt v. City of Granby*, Case No. 18NW-CV00601, in which Lindstedt sued the City of Granby, Missouri, the former (then current) mayor of Granby, Travis Gamble ("Gamble"), the current mayor (then city councilmember), Ira Hawkins ("Hawkins"), various members of the Granby City Council, Granby City Clerk, Lawna Price, and Missouri state court judges, Gregory Stremel and Kevin Lee Selby, for colluding to issue a domestic protection order against Lindstedt for having insulted city officials. ECF Doc. 45 at 3. Brian Goldstein ("Goldstein") of Cummings, McClorey, Davis & Acho PLC ("Cummings & McClorey") represented the defendants in the action. At some point during the proceedings, Missouri Assistant Attorney General Caleb Wagner, on behalf of then state Attorney General (and current United States Senator) Josh Hawley ("Senator Hawley"), defended the two state judges. *Id*. Missouri Judge Charles Curless ("Judge Curless") presided over the case. Judge Curless dismissed Lindstedt's action as frivolous and awarded $4,000 in sanctions against him. *Id.*; *Lindstedt v. City of Granby*, Case No. 18NW-CV00601.

On October 14, 2019, Reo allegedly sent Lindstedt an email stating that he had purchased the sanctions judgment for $1,000. ECF Doc. 45 at 4. When Lindstedt confronted his neighbor and Granby City Councilmember, Ashley Edgemon ("Edgemon"), about the alleged purchase, she responded, "how else are we going to make you pay up other than selling the judgment to Bryan Reo?" *Id.* Based on these factual assertions, Lindstedt seeks to add the City of Granby, Judge Curless, the State of Missouri, Senator Hawley, Goldstein, Cummings & McClorey, Gamble, Hawkins, Edgemon, Lawna Price, Lawna Price's husband, David Price, and Granby

City Councilmembers, Joyce Mann, Will Barrett, and JoAnn Lamp, for engaging in a conspiracy against him. ("Missouri Claims"). *Id.* at 5.

The second state action is currently pending before the Stanley County Courts in South Dakota. In the South Dakota case, Reo is seeking to foreclose on Lindstedt's real property to satisfy a judgment awarded in Ohio. *Id.* at 5–6. Robert Konrad ("Konrad") represents Reo in the South Dakota action. *Id.* Lindstedt seeks to add the State of South Dakota, the Stanley County Court, Konrad, Konrad's current law firm, Schrieber Law Firm, and Konrad's former law firm, Ollinger Law Firm, for abusing the legal process by seeking to enforce an out-of-state judgment against him while his appeal from the civil judgment is still pending in Ohio. *Id.* Lindstedt seeks declaratory and injunctive relief against the state and the court to delay the enforcement proceedings under S.D. Codified Laws § 15-16A-6. *Id.* at 6. He also seeks damages and disbarment of Konrad and his firm. *Id.* ("South Dakota Claims").

Reo filed a response to Lindstedt's motion on July 14, 2020. ECF Doc. 46. Reo argues that Lindstedt's proposed claims against Konrad are futile because Konrad is not amenable to suit in Ohio and is immune from liability for his representation of Reo. *Id.* He also argues that permitting Lindstedt to amend his pleadings now would prejudice the third-party defendants who have already filed motions to dismiss Lindstedt's initial "counterclaims" in this case.

**III. Law and Analysis**

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with leave of court. Leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be "freely given" unless there is "any 'apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … [or] futility of

3

amendment.'" *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). A proposed claim is futile if it will not survive a Rule 12(b) motion to dismiss. *Cf. Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015) (claim futile if it would not survive dismissal for failure to state a claim); *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 962 (N.D. Ohio 2018) (claim futile if it would not survive dismissal for lack of personal jurisdiction).

Here, granting leave to Lindstedt would be futile because his proposed counterclaims would not survive a Fed. R. Civ. P. 12(b) motion to dismiss. Permissive counterclaims (counterclaims unrelated to the same transaction or occurrence as the original claim) require an independent basis for subject matter jurisdiction. *Cf. Frisby v. Keith D. Weiner & Associates Co.*, 669 F. Supp. 2d 863, 870 (N.D. Ohio 2009). But the court lacks subject matter jurisdiction over Lindstedt's Missouri claims because, like Lindstedt, the involved parties all reside in Missouri. Thus, there is no diversity with the proposed third-party defendants from Missouri, and the court lacks jurisdiction under 28 U.S.C. § 1332.

Lindstedt's Missouri Claims also fail to raise any federal question to establish subject matter jurisdiction under 28 U.S.C. § 1331. Lindstedt claims that the Missouri residents tortiously injured him by abusing the legal process and conspiring with Reo. But torts like abuse of legal process and civil conspiracy arise under state law. *See Trustees of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 277 (Mo. 2019) (en banc) (abuse of process arising under Missouri law); *Western Blue Print Co. v. Roberts*, 367 S.W.3d 7, 22 (Mo. 2012) (en banc) (civil conspiracy arising under Missouri law). Because this Court would not have subject matter jurisdiction over Lindstedt's Missouri Claims, the Court should deny his motion to amend as futile.

4

Moreover, Lindstedt will be unable to establish personal jurisdiction in this court because his new claims do not have any relation to Ohio. To exercise personal jurisdiction over out-of-state parties, jurisdiction must comply with the forum state's long-arm statute and constitutional due process. *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017). Ohio's long-arm statute generally requires some conduct or injury in Ohio. *See* Ohio Rev. Code § 2307.382. But here, Lindstedt has not alleged any connection between Ohio and his Missouri or South Dakota Claims.

As for Lindstedt's proposed claims against the states of Missouri and South Dakota, the Eleventh Amendment clearly makes them immune from being sued in federal court. The Eleventh Amendment is a jurisdictional bar against claims against a state being brought in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). A state may waive its Eleventh Amendment immunity by consenting to a federal court's jurisdiction, but neither Missouri nor South Dakota has consented to Lindstedt's potential claims here. *Id.* at 99; *See also, Church v. Missouri*, 913 F.3d 736, 742–6 (8th Cir. 2019) (finding general sovereign immunity against private civil suits applied to Missouri); *Walker v. Shafer*, No. CIV. 16-5121-JLV, 2018 U.S. Dist. LEXIS 21634, at *6 (D.S.D. Feb. 9, 2018).

Also, Judge Curless and Senator Hawley are almost certainly immune from suit on Lindstedt's claims. Judicial immunity bars suit against judicial officials for "conduct which is intimately associated with the judicial phase of the judicial process." *Bugg v. Rutter*, 466 S.W.3d 596, 603 (Mo. Ct. App. 2015) (internal quotations omitted). Public officials, like the state Attorney General, are entitled to immunity for their official acts unless (1) the official violated a constitutional right, and (2) that right was clearly established at the time of the conduct. *France*

5

*v. Hunter*, 368 S.W.3d 279, 286 (Mo. Ct. App. 2012). Judge Curless's issuance of a sanctions order against Lindstedt for filing a frivolous suit is quite plainly associated with judicial process.

Lindstedt's proposed amendments would also likely be dismissed under Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, the party must plead enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020). Although Lindstedt does not specifically identify his proposed causes of action, it appears that he is attempting to assert civil conspiracy and/or abuse of process claims. Because Ohio law requires federal courts to apply the law of the state where a tort injury occurred, this court would consider the proposed claims under Missouri and South Dakota law. *Cf. Nationwide Mut. Fire Ins. Co. v. Gen. Motors Corp.*, 415 F. Supp. 2d 769, 775–6 (N.D. Ohio 2006) (citing *Morgan v. Biro Mfg. Co.*, 15 Ohio St. 3d 339, 342, 474 N.E.2d 286 (1984)). In both jurisdictions, civil conspiracy is not an independent claim but rather a mechanism to hold co-conspirators jointly liable for an underlying tort. *Kirlin v. Halverson*, 758 N.W.2d 436, 455 (S.D. 2008); *Williams v. Bayer Corp.*, 541 S.W.3d 594, 612 (Mo. Ct. App. 2017). But here, Lindstedt's conspiracy claims relate to judgments issued by or requested from the state courts, not to underlying torts. Those state court judgments must be challenged in the state courts and not through a civil conspiracy claim filed in a federal court. Because Lindstedt has not identified any underlying torts, any civil conspiracy claims he would assert would likely be dismissed for failure to state a claim upon which relief could be granted.

Abuse of process in Missouri requires that the party bringing the claim prove "(1) an illegal, improper, perverted use of process, (2) done for an improper purpose, (3) resulting in damage." *Impey v. Clithero*, 553 S.W.3d 344, 349 (Mo. Ct. App. 2018). South Dakota similarly

6

requires "[s]ome act or threat directed to an immediate objective not legitimate in the use of process." *Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998, 1007 (D.S.D. 2018) (citing *Miessner v. All Dakota Ins. Assocs., Inc.*, 515 N.W.2d 198, 204 (S.D. 1994)).

Regarding the Missouri case, Lindstedt has alleged, at most, that the "co-conspirators" sought sanctions to punish him for suing them. *See Lindstedt v. City of Granby*, Case No. 18NW-CV00601 at Doc. Entry on July 25, 2018. *Weisz v. Great Am. Title Q 1-103-1, LLC*, No. WD 82967, 2020 Mo. App. LEXIS 748, at *19 (Mo. Ct. App. June 9, 2020). However, seeking sanctions for having been forced to defend a frivolous claim is not an "improper purpose." Nor is selling a judgment to Reo for collection purposes. Because Lindstedt has not identified any "improper purpose," his abuse of process claim against the Missouri defendants would likely be dismissed for failure to state a claim upon which relief could be granted.

Regarding the South Dakota case, Lindstedt has alleged, at most, that the South Dakota parties are abusing the legal process by permitting the enforcement and collection of an out-of-state judgment. But South Dakota permits the enforcement of judgments from other states, and Lindstedt's allegations to the contrary lack merit. S.D. Codified Laws § 15-16A. Lindstedt is correct that he may be entitled to a delay in enforcement under South Dakota law pending his appeal in Ohio. S.D. Codified Laws § 15-16A-6. However, the proper procedure for obtaining a delay in execution is to file a motion to stay in the South Dakota court, not to file a claim for declaratory judgment in federal court. Thus, this proposed claim, too, fails to state a claim upon which relief could be granted.

**IV. Recommendations**

In summary, the scales of justice do not weigh in favor of permitting Lindstedt to amend his pleading again to assert new third-party claims against more "co-conspirators." The court

7

would not have subject matter jurisdiction over the Missouri Claims or personal jurisdiction over any of the new parties. Moreover, Lindstedt's proposed amendments are unlikely to state valid claims. Thus, permitting Lindstedt to amend his pleading again would be futile and would undoubtedly further delay this case. The pleading phase of this litigation has already proven difficult. Because allowing Lindstedt to further amend his pleading would be futile and would cause further delay, I recommend that the Court DENY Lindstedt's motion for leave to amend pleadings.

Dated: August 12, 2020

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).