**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRYAN ANTHONY REO,**

Plaintiff,

v.

**MARTIN LINDSTEDT,**

Defendant.

Case No. 1:19-cv-02589-CAB

Hon. Christopher A. Boyko

Mag. Thomas M. Parker

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

**PLAINTIFF BRYAN ANTHONY REO'S PARTIAL OBJECTION TO MAGISTRATE JUDGE THOMAS M. PARKER'S REPORT AND RECOMMENDATION DATED DECEMBER 1, 2020 (ECF NO. 78)**

**(ORAL ARGUMENT NOT REQUESTED)**

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ........ 3
II. ISSUE PRESENTED ........ 4
III. STATEMENT OF FACTS ........ 5
IV. LAW & ARGUMENT ........ 12
A. THE COURT SHOULD ADOPT MAGISTRATE JUDGE THOMAS M. PARKER'S REPORT AND RECOMMENDATION DATED DECEMBER 1, 2020 (ECF NO. 78) IN ITS ENTIRETY, EXCEPT THAT THE COURT SHOULD AWARD PLAINTIFF $250,000 AS GENERAL DAMAGES AND $500,000 AS PUNITIVE DAMAGES, DISMISS WITH PREJUDICE DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF, AND CLOSE THE CASE........ 12
1. STANDARD OF REVIEW ........ 12
2. PRINCIPAL POINT OF ARGUMENT ........ 13
3. CONCLUSION........ 17
V. PRAYER FOR RELIEF ........ 18
VI. CERTIFICATE OF SERVICE ........ 19

# I. TABLE OF AUTHORITIES

## CASE LAW

*AAA v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117 (5th Cir. 1991) ..13-14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................12

*Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) ....................12

*Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147 (6th Cir. 1997) ....................13-14

*Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986).....12

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995) ....................12

*Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006) ....................12

*Street v. J.C. Bradford & Co*, 886 F.2d 1472 (6th Cir. 1989) ....................12

*Thomas v. Arn*, 474 U.S. 141 (1985) ....................12

## STATUTORY LAW

28 U.S.C. § 636(b)(1) ....................12

## COURT RULES

Fed. R. Civ. P. 36 ....................13

Fed. R. Civ. P. 36(a)(3) ....................5, 13

Fed. R. Civ. P. 36(b) ....................5, 13-14

Fed. R. Civ. P. 56 ....................12

Fed. R. Civ. P. 56(a) ....................12

Fed. R. Civ. P. 72(b)(3) ....................12

Local Rule 72.3(b) ....................12

## II. ISSUE PRESENTED

1. Whether the Court should adopt *in toto* Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF No. 78, PageID. 787-801) granting Bryan Anthony Reo ("Plaintiff") summary judgment against Martin Lindstedt ("Defendant") as to Plaintiff's tort claims for common law defamation and common law invasion of privacy (false light), except that the Court should additionally award Plaintiff general damages in the amount of $250,000 and punitive damages in the amount of $500,000—and dismiss Defendant's counterclaims against Plaintiff—insofar as Defendant effectively admitted the same as being proper by not responding to Plaintiff's Requests for Admissions.

   Plaintiff's Response: Yes.

   Defendant's Presumed Response: No.

## III. STATEMENT OF FACTS

Plaintiff has sued Defendant—and not for the first time—for Defendant having engaged in a vile campaign of vexatious disparagement against Plaintiff via the Internet. Despite a jury previously awarding Plaintiff in excess of $100,000.00 against Defendant, Defendant's campaign of harassment continues and Plaintiff has filed the instant civil action to seek the redress of Plaintiff's grievances. (ECF No. 1-3, PageID. 10-16).

On May 15, 2020, Plaintiff served upon Defendant via First Class United States Mail and via electronic mail Plaintiff Bryan Anthony Reo's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Defendant Martin Lindstedt. (ECF No. 49-1, PageID. 451-461; ECF No. 49-2, PageID. 463-465). Defendant did not timely serve upon Plaintiff answers to the requests for admissions contained within said discovery requests. In fact, Defendant did not serve upon Plaintiff at any time answers to said requests for admissions. (ECF No. 49, PageID. 440).

The May 15, 2020, Requests for Admissions were required to be answered by Defendant within thirty days of said date. Fed. R. Civ. P. 36(a)(3). Due to Defendant not timely denying the Requests for Admissions, said Requests for Admissions are deemed admitted. *Id*. The Admissions made by Defendant "conclusively establish[]" factual and legal conclusions which permit the Court to enter a dispositive order at this juncture. Fed. R. Civ. P. 36(b). Defendant cannot rebut the irrebuttable, which is the following:

**<u>REQUESTS FOR ADMISSIONS</u>**

**<u>REQUEST FOR ADMISSION NO. 1:</u>** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant knew that Plaintiff is a resident of the State of Ohio.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant knew that Defendant's acts of commission as described within Plaintiff's Complaint would cause Plaintiff to suffer damages in the State of Ohio.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant purposefully acted in a tortious manner so as to cause Plaintiff to suffer damages in the State of Ohio.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that on August 9, 2019, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had engaged in homosexual oral sex with Missouri State trial court Judge Gregory Stremel for the purpose of obtaining a favorable ruling in a litigation matter against Defendant.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:** Please admit that the conduct alleged in Admission No. 4 would constitute the crime of bribery, in addition to constituting unprofessional conduct, and that it would additionally be immoral conduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that bribery and improper influence of a judge constitutes unprofessional conduct pursuant to the Ohio Rules of Professional Conduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:** Please admit that having sex with a judge to obtain a favorable ruling is a crime in Ohio and Missouri.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 8:** Please admit Plaintiff has never engaged in homosexual oral sex, or any sexual conduct or contact, with Missouri state trial court Judge Gregory Stremel.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 9:** Please admit Plaintiff has never bribed any judge anywhere.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 10:</u>** Please admit on September 6, 2019, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had a homosexual incestuous affair with Plaintiff's own father.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 11:</u>** Please admit that incest is a criminal offense in Missouri.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 12:</u>** Please admit that homosexual incest is immoral and offensive by reasonable community standards in Ohio and Missouri.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 13:</u>** Please admit that adultery is immoral and offensive by reasonable community standards in Ohio and Missouri.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 14:</u>** Please admit Plaintiff never engaged in homosexual incestuous sex with Plaintiff's own father.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 15:</u>** Please admit that on September 10, 2019, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had extorted Defendant in connection with a valid duly issued judgment Plaintiff obtained against Defendant from Lake County Court of Common Pleas.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 16:</u>** Please admit that it would constitute unprofessional conduct pursuant to the Ohio Rules of Professional Conduct for Plaintiff to engage in extortion.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 17:</u>** Please admit that extortion constitutes a criminal offense pursuant to Ohio Revised Code Section 2905.11.

**ANSWER:**

**<u>REQUEST FOR ADMISSION NO. 18:</u>** Please admit that extortion is a crime in Missouri.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 19:** Please admit that Plaintiff never committed extortion.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 20:** Please admit that all of Defendant's publications about Plaintiff—as described within Plaintiff's Complaint—were published by Defendant to third-parties.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 21:** Please admit that Defendant is liable to Plaintiff for defamation for the reasons articulated in Paragraphs 37 through 44 of Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 22:** Please admit that Defendant is liable to Plaintiff for invasion of privacy—false light—for the reasons articulated in Paragraphs 45 through 51 of Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 23:** Please admit that Defendant is liable to Plaintiff for intentional infliction of emotional distress for the reasons articulated in Paragraphs 52 through 56 of Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 24:** Please admit Plaintiff is entitled to an award against Defendant in the form of punitive damages for the reasons articulated in Paragraphs 7 through 63 of Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 25:** Please admit Plaintiff is entitled to permanent injunctive relief against Defendant for the reasons articulated in Paragraphs 57 through 63 of Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 26:** Please admit that Defendant caused willful and malicious injury——as these terms are defined by 11 U.S.C. § 523(a)(6)—to Plaintiff for the reasons alleged in Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 27:** Please admit that Defendant does not have a meritorious affirmative defense in relation to any and all causes of action Plaintiff pled against Defendant in Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 28:** Please admit that Plaintiff never committed an act of commission or omission against Defendant for which Plaintiff is liable to Defendant for money damages.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 29:** Please admit that for purposes of First Amendment jurisprudence, Plaintiff is a non-public figure.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 30:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 31:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff it would be just and proper for Plaintiff to be awarded $500,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 32:** Please admit to the truth of all allegations, factual and legal, contained within Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 33:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are wholly lacking in merit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 34:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are without any evidentiary or factual basis.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 35:** Please admit that judgment should be entered against you, in favor of Plaintiff Bryan Anthony Reo, in the amount of $750,000.00 dollars.

**ANSWER:**

(ECF No. 49-1; PageID. 451-461).

In light of Request for Admission No. 32 requesting Defendant to admit the truth of all allegations—factual and legal—contained within Plaintiff's Complaint, the factual allegations of said Complaint are incorporated by reference as if fully set forth herein. (ECF No. 1-3, PageID. 10-16).

Not only has Defendant conclusively admitted to being liable to Plaintiff for Defendant's tortious conduct, but Defendant has also admitted that Plaintiff is entitled to an award of $250,000 as general damages and $500,000 as punitive damages. (ECF No. 49-1, PageID. 458, Requests for Admissions Nos. 30 and 31).

On May 15, 2020, the Court issued its Case Management Conference Order. (ECF No. 37, PageID. 324-329). On July 23, 2020, the Court issued its Order that granted Plaintiff leave to file Plaintiff's Motion for Summary Judgment prior to the close of non-expert discovery. (ECF No. 48, PageID. 431-432). On July 23, 2020, Plaintiff filed Plaintiff's Motion for Summary Judgment. (ECF Nos. 49, 49-1, and 49-2, PageID. 433-465). On August 21, 2020, Defendant filed Defendant's Answer to Plaintiff's Motion for Summary Judgment, which did not contain any exhibits to corroborate anything Defendant argued therein. (ECF No. 58, PageID. 556-563). On November 10, 2020, Plaintiff filed Plaintiff's Reply to Defendant's Answer to Plaintiff's Motion for Summary Judgment. (ECF No. 764-772).

On December 1, 2020, Magistrate Judge Thomas M. Parker issued his Report and Recommendation which pertinently recommends that: (1) the Court enter summary judgment in Plaintiff's favor and against Defendant as to Plaintiff's claims for common law defamation and common law invasion of privacy (false light); (2) the Court not award Plaintiff summary judgment

as to Plaintiff's claim against Defendant for intentional infliction of emotional distress insofar as the same would provide redundant financial recovery as to Plaintiff's other tort claims; (3) the Court not award Plaintiff a permanent injunction against Defendant; and (4) the Court not enter judgment in Plaintiff's favor and against Defendant in the amount of $250,000 for general damages and $500,000 for punitive damages even though Defendant did not respond to Plaintiff's Requests for Admissions concerning the same. (ECF No. 78, PageID. 787-801).

Plaintiff now timely objects only in part to Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020. Plaintiff maintains that the Court should adopt said Report and Recommendation in its entirety, except that the Court should award Plaintiff $250,000 against Defendant for general damages and $500,000 for punitive damages, dismiss with prejudice Defendant's counterclaims against Plaintiff, and close the case.[1]

---

[1] Plaintiff hereby consents to Plaintiff's claims against Defendant for common law intentional infliction of emotional distress and injunctive relief being dismissed if the Court grants Plaintiff the relief prayed for within this Objection. The case can then be closed. Whether Plaintiff is awarded $250,000 against Defendant for general damages and $500,000 for punitive damages for defamation and invasion of privacy, or the same sum total for defamation, invasion of privacy, *and intentional infliction of emotional distress* is an esoterically academic matter that should not offend judicial economy or Plaintiff's economy. Defendant essentially admitted to engaging in malicious tortious conduct against Plaintiff and thus owing Plaintiff $250,000 for general damages and $500,000 for punitive damages, so the case at bar can swiftly and decisively be ended if said sums are awarded to Plaintiff.

## IV. LAW & ARGUMENT

### A. THE COURT SHOULD ADOPT MAGISTRATE JUDGE THOMAS M. PARKER'S REPORT AND RECOMMENDATION DATED DECEMBER 1, 2020 (ECF NO. 78) IN ITS ENTIRETY, EXCEPT THAT THE COURT SHOULD AWARD PLAINTIFF $250,000 AS GENERAL DAMAGES AND $500,000 AS PUNITIVE DAMAGES, DISMISS WITH PREJUDICE DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF, AND CLOSE THE CASE

#### 1. STANDARD OF REVIEW

A district court reviews any objections to a magistrate judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). A district court need only review the magistrate judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn*, 474 U.S. 141, 150 (1985). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings * * * believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, if a party fails to file specific objections, then the failure to do so constitutes a waiver of those objections. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF No. 78, PageID. 787-801) concerns Plaintiff's Motion for Summary Judgment (ECF Nos. 49, 49-1, and 49-2, PageID. 433-465).

Summary judgment is sought pursuant to Fed. R. Civ. P. 56(a). The seminal cases interpreting Fed. R. Civ. P. 56 are *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986). See *Street v. J.C. Bradford & Co*, 886 F.2d 1472, 1478-1480 (6th Cir. 1989) (providing an excellent analysis of Fed. R. Civ. P. 56(a) motion practice).

**2. PRINCIPAL POINT OF ARGUMENT**

In the instant case, Magistrate Judge Thomas M. Parker erred by not recommending that the Court should enter judgment in Plaintiff's favor and against Defendant's favor in the sum certain amounts of $250,000 for general damages and $500,000 for punitive damages. Defendant did not answer Plaintiff's Requests for Admissions which concerns these sums, and so the same has been conclusively established by Plaintiff:

> **REQUEST FOR ADMISSION NO. 30:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.
>
> **ANSWER:**
>
> **REQUEST FOR ADMISSION NO. 31:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff it would be just and proper for Plaintiff to be awarded $500,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.
>
> **ANSWER:**

(ECF No. 49-1, PageID. 458, Requests for Admissions Nos. 30 and 31).

Defendant's answers to Plaintiff's Requests for Admissions were due thirty days after they were served upon Defendant. Fed. R. Civ. P. 36(a)(3). Due to Defendant not timely denying the requests for admissions, said requests for admissions are deemed admitted. *Id*. The admissions made by Defendant "conclusively establish[]" factual and legal conclusions which permit the Court to enter a dispositive order at this juncture. Fed. R. Civ. P. 36(b).

Magistrate Judge Thomas M. Parker succinctly relayed in his Report and Recommendation the following about the applicability of Fed. R. Civ. P. 36 in the instant case:

> Fed. R. Civ. P. 36(b) permits the court, upon motion, to allow the withdrawal or amendment of an admission. "A 'district court has considerable discretion over whether to permit withdrawal or amendment of admissions.'" *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir. 1997) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991)). In

> exercising its discretion, however, the Court must follow Rule 36(b)'s instruction that withdrawal or amendment if proper only if (1) "it would promote the presentation of the merits of the action" and (2) it would not cause prejudice to the party who requested the admissions "in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Prejudice under Rule 36(b) . . . 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Kerry Steel*, 106 F.3d at 154 (quoting *AAA v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
>
> Here, Lindstedt has not moved to withdraw his admissions as required under Fed. R. Civ. P. 36(b); and in *Goodson v. Brennan*, the Sixth Circuit held that the *sua sponte* exercise of the court's discretion under Rule36(b) would "contravene[] the plain language of Rule 36." *Goodson*, 688 F. App'x at 375. The Court could refuse to permit Lindstedt to withdraw his admissions on this basis alone.
>
> Moreover, even if Lindstedt had moved to withdraw his admissions, permitting him to withdraw them at this stage of the case would prejudice Reo's ability to prosecute his action on the merits. Lindstedt continues to file insulting statements against Reo, and he has shown no intention to stop. For example, in his response opposing the motion for summary judgment, Linstedt states that "Reo is a Satanic homosexual mongrel of mixed jew, negro, gook and Indian descent who is working as a fed to insinuate other jews and mongrels and homes into the leadership of the Movement and thus Bryan Reo and anyone who will have anything to do with Bryan Reo is to be kept outside Resistance organizations and operations." ECF Doc. 75 at 3. Lindstedt's defense "strategy" to the Reos' current lawsuits demonstrates that, despite a judgment already having been issued against him in Lake County, Lindstedt plans to continue to publish false information about numerous individuals in public forums such as this federal court. Given his continued publication of such statements, allowing withdrawal of admissions would needlessly prolong this lawsuit and give Lindstedt a public platform Lindstedt could use to publish similar defamatory statements.
>
> * * *
>
> Because the requests for admissions here are conclusively admitted under Fed. R. Civ. P. 36(b), it is unnecessary for the Court to require further proof on the issue of damages.

(ECF No. 78, PageID. 793-794).

Magistrate Judge Thomas M. Parker, however, recommends that the Court exercise its discretion by throwing Defendant a bone in the form of *sua sponte* permitting Defendant to withdraw Defendant's admissions regarding Plaintiff being entitled to $250,000 as general

damages and $500,000 as punitive damages. (ECF No. 78, PageID. 794-795). Plaintiff respectfully submits that such discretion should not be exercised by the Court because: (1) Plaintiff would suffer prejudice as Magistrate Judge Thomas M. Parker notes but also because Defendant has refused to participate at all with discovery for the instant case—which has adversely offended Plaintiff's due process right to receive evidence to prepare for trial—and (2) Defendant's copious number of court filings contain repugnant slurs and Defendant's unrelenting history of victimizing Plaintiff even after a jury awarded Plaintiff a judgment in excess of $100,000 demonstrates that Defendant has unclean hands and is wholly underserving of being granted *sua sponte* leave to withdraw Defendant's admissions.

Defendant did not accidentally miss a deadline to respond to Plaintiff's Requests for Admissions; Defendant deliberately ignored Plaintiff's Requests for Admissions, Plaintiff's Interrogatories, and Plaintiff's Requests for Production of Documents. Furthermore, even after Plaintiff filed Plaintiff's Motion for Summary Judgment on July 23, 2020, Defendant never even submitted untimely answers to Plaintiff's Requests for Admissions or otherwise moved the Court for leave to withdraw Defendant's admissions. What Defendant did do, however, was file more vile documents with the Court, which was articulated at length by Kyle J. Bristow ("Bristow")—a third-party defendant Defendant vexatiously sued simply because Bristow previously employed Plaintiff as a law clerk—in Third-Party Defendant Kyle J. Bristow's Reply to Third-Party Plaintiff Martin Lindstedt's Response to Motions of "De Facto Satanic U.S. Mighty Evil Empire," "Satanic Homosexual Mongrel/Mischling/Agent Provocateurs," et al. (ECF No. 72, PageID. 714-725). (ECF No. 73, PageID. 727-732).

Magistrate Judge Thomas M. Parker pertinently stated in his Report and Recommendation, "if the Court declines to permit Lindstedt to withdraw his admissions concerning damages, I

recommend that the Court grant summary judgment in its entirety and award general damages in the amount of $250,000.00 and punitive damages in the amount of $500,000.00 to Reo on his claims against Lindstedt in this case." (ECF No. 78, PageID. 795). This is precisely what the Court should do. The Court should have no tolerance for Defendant's wantonly depraved misconduct. Defendant has not shown even a scintilla of good faith behavior for the case at bar.

Lastly, the Court should also dismiss with prejudice Defendant's counterclaims against Plaintiff for the reason that Plaintiff prayed for the same within Plaintiff's Motion for Summary Judgment, Plaintiff's unanswered Requests for Admissions Nos. 28, 33, and 34, conclusively establish that Plaintiff did not commit an act of commission or omission against Defendant for which Defendant is entitled to relief, and Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020, does not even address Plaintiff's request for summary judgment as to Defendant's meritless counterclaims. The following unanswered Requests for Admissions allow the Court to dismiss with prejudice Defendant's counterclaims against Plaintiff:

> **REQUEST FOR ADMISSION NO. 28:** Please admit that Plaintiff never committed an act of commission or omission against Defendant for which Plaintiff is liable to Defendant for money damages.
>
> **ANSWER:**
>
> **REQUEST FOR ADMISSION NO. 33:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are wholly lacking in merit.
>
> **ANSWER:**
>
> **REQUEST FOR ADMISSION NO. 34:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are without any evidentiary or factual basis.
>
> **ANSWER:**

(ECF No. 49-1, PageID. 458-459, Requests for Admissions Nos. 28, 33, and 34).

## 3. CONCLUSION

For the reasons set forth herein, the Court should adopt Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF NO. 78) in its entirety, except that the Court should award Plaintiff $250,000 as general damages and $500,000 as punitive damages—and close the instant civil action—insofar as Defendant admitted to these sum certain amounts by refusing to respond to Plaintiff's Requests for Admissions.

Furthermore, the Court should also dismiss with prejudice Defendant's counterclaims against Plaintiff for the reason that Plaintiff prayed for the same within Plaintiff's Motion for Summary Judgment, Plaintiff's unanswered Requests for Admissions Nos. 28, 33, and 34, conclusively establish that Plaintiff did not commit an act of commission or omission against Defendant for which Defendant is entitled to relief, and Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020, does not even address Plaintiff's request for summary judgment as to Defendant's meritless counterclaims.

## V. PRAYER FOR RELIEF

For the reasons set forth herein, Plaintiff prays that this Honorable Court will adopt Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF NO. 78) in its entirety, except that the Court should award Plaintiff $250,000 as general damages and $500,000 as punitive damages and close the instant civil action.

Furthermore, the Court should also dismiss with prejudice Defendant's counterclaims against Plaintiff for the reason that Plaintiff prayed for the same within Plaintiff's Motion for Summary Judgment, Plaintiff's unanswered Requests for Admissions Nos. 28, 33, and 34, conclusively establish that Plaintiff did not commit an act of commission or omission against Defendant for which Defendant is entitled to relief, and Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020, does not even address Plaintiff's request for summary judgment as to Defendant's meritless counterclaims.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

Dated: December 2, 2020

## VI. CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on December 2, 2020, I served a true and accurate copy of Plaintiff Bryan Anthony Reo's Partial Objection to Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF No. 78) upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in Village of Mentor, Lake County, State of Ohio.

Furthermore, I affirm that on December 2, 2020, I electronically emailed to Martin Lindstedt at <pastorlindstedt@gmail.com> a PDF version of Plaintiff Bryan Anthony Reo's Partial Objection to Magistrate Judge Thomas M. Parker's Report and Recommendation Dated December 1, 2020 (ECF No. 78).

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

Dated: December 2, 2020