IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bryan Anthony Reo, | ) | Case No. 1:19cv02589 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| Martin Lindstedt, | ) | |
| | ) | **SEPARATE REPORT &** |
| Defendant. | ) | **RECOMMENDATION ON** |
| | ) | **DEFENDANT'S** |
| | ) | **"COUNTERCLAIMS"** |

On July 23, 2020, plaintiff, Bryan Anthony Reo ("Reo"), filed a motion for summary

judgment against defendant Martin Lindstedt ("Lindstedt").  ECF Doc. 49.  On December 1,

2020, I issued a report and recommendation on Reo's motion for summary judgment related to

the claims Reo has asserted against Lindstedt.  ECF Doc. 78.  However, my report and

recommendation did not include any recommendation on the "counterclaims" asserted by or

attempted to be asserted by Lindstedt against Reo.

Reo filed an objection to my report and recommendation the next day.  ECF Doc. 79.

Reo argues that the Court should grant summary judgment to him in the amount requested in his

complaint and requests for admission.  My report and recommendation has fully addressed this

issue.  Reo also argues that my report and recommendation did not include any proposed

disposition of Lindstedt's purported counterclaim against Reo.  As to this point, Reo is correct.

If the Court were to fully adopt my report and recommendation (ECF Doc. 78), some of Reo's

claims would remain pending before this Court, as would the issue of the amount of damages to which Reo is entitled.  My report and recommendation did not address Lindstedt's counterclaims.

As the Court is aware, I have previously issued a report and recommendation on Lindstedt's motion to amend pleadings.  ECF Doc. 45.  That report is still pending before the Court and Lindstedt has filed an objection to it.  If the Court permits Lindstedt to amend his pleading, his original counterclaims against Reo – those that are the subject of Reo's summary judgment motion – would be superseded by amended claims.  It had been my intention to address the counterclaims after the Court's disposition of Lindstedt's objection to the R&R concerning his motion for leave to amend so as to avoid the potential need to issue two R&R's on the topic.

However, if the Court adopts my recommendation (ECF Doc. 52) and does not permit Lindstedt to amend his pleadings, AND if the Court adopts my recommendations on the pending motion to dismiss third-party claims (ECF Doc. 50, ECF Doc. 53 and ECF Doc. 56), AND if the Court grants full summary judgment to Reo including an award of damages, as requested in his objection, AND if Reo dismisses his intentional infliction of emotional distress claim as he consents to in footnote 1 of his objection, the only potential claim that would remain in this case would be the attempted counterclaims of Lindstedt against Reo.  In the event the Court would like to resolve this case in its entirety, I submit the following recommendation on Lindstedt' s counterclaims.

Lindstedt is acting *pro se* in this case and it is entirely unclear what claim (if any) he has actually asserted against Reo in his purported "counterclaim."  ECF Doc. 17.  At paragraph 8 of Reo's answer to the counterclaim, he denied that Lindstedt "has stated any claim upon which

relief can be granted." ECF Doc. 40 at 2.  Even so, when he served requests for admission upon

Lindstedt in May 2020, Reo included the following requests:

> **REQUEST FOR ADMISSION NO. 33:**  Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are wholly lacking in merit.

> **REQUEST FOR ADMISSION NO. 34:**  Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are without any evidentiary or factual basis.

As already fully explained in my report and recommendation on Reo's claims against Lindstedt

(ECF Doc. 78), Lindstedt did not respond to Reo's requests for admission in a timely fashion; he

did not move to withdraw his admissions; and Reo would be prejudiced if the court were to

permit Lindstedt to withdraw his admissions at this time.  Thus, for the reasons fully stated in my

separate report and recommendation, which I incorporate herein, and because, by application of

Fed. R. Civ. P. 36, Lindstedt has admitted that his counterclaim against Reo has no basis in law

or fact, I also recommend that the Court Grant Reo's motion for summary judgment on

Lindstedt's "counterclaim" against him.


Dated: December 3, 2020

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).