IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo, | ) Case No. 1:19cv02589 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| Martin Lindstedt, | ) |
| | ) |
| Defendant. | ) **REPORT & RECOMMENDATION** |
| | ) |

On August 10, 2020, plaintiff, Bryan Anthony Reo ("Reo"), filed a motion to dismiss all parties upon whom service has not been completed. ECF Doc. 51. Reo argues that the Court should dismiss defendant, Martin Lindstedt's ("Lindstedt"), attempted claims against the US Federal Government, Brett Klimkowski, Stefani Rossi Reo[1] and Anthony Domenic Reo. Lindstedt has not filed any response to Reo's motion to dismiss. Because Lindstedt has failed to serve the US Federal Government, Brett Klimkowski, Stefani Rossi Reo and Anthony Domenic Reo in this case, I recommend that the Court GRANT Reo's motion to dismiss all parties upon whom service has not been completed, as briefly explained below.

On February 3, 2020, Lindstedt filed an amended answer and counterclaim in which he attempted to assert claims against several third-party defendants. ECF Doc. 17. Three of those parties have filed motions to dismiss in this case. See ECF Doc. 25, ECF Doc. 31 and ECF Doc.

---

[1] Lindstedt has also attempted to assert claims against Stefani Reo, and possibly Anthony Reo, in separate lawsuits. *See e.g., Stefani Rossi Reo v. Martin Lindstedt,* 1:19cv2786.

35. However, Lindstedt has not effected service on some of the entities or individuals identified in his amended answer and counterclaim.

On May 15, 2020, the court conducted a case management conference. During the case management conference, the court extended the time period for Lindstedt to complete service and instructed him to review Local Civil Rule 4.2(c). Despite this instruction, Lindstedt did not attempt to obtain service on some of the parties he names in his amended answer and counterclaim.

On August 10, 2020, Reo filed the instant motion to dismiss for lack of service, pursuant to Fed. R. Civ. P. 4(m), which provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court – on motion on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. * * *

To date, Lindstedt has not filed any response to Reo's motion to dismiss for lack of service. He was notified of his failure to effect service, both during the case management conference and in the filing of the instant motion to dismiss. Despite receiving notice, Lindstedt has not attempted to effect service or shown good cause for this failure. For these reasons, I recommend that the Court apply Fed. R. Civ. P. 4(m) and GRANT Reo's unopposed motion to dismiss all parties upon whom service has not been completed.

Dated: December 17, 2020

                                                Thomas M. Parker
                                               United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).