IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, ) | Case No. 1:19-cv-2589 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| MARTIN LINDSTEDT, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |

On August 13, 2020, plaintiff, Bryan Anthony Reo ("Reo"), filed a motion to strike defendant's reply brief in support of his motion for leave to amend pleadings. ECF Doc. 55. Reo argues that the court should strike defendant's reply (ECF Doc. 54) because it was not filed in a timely manner. In fact, I had issued a report and recommendation on defendant's motion to amend pleadings (ECF Doc. 52) before defendant filed his untimely reply.

Fed. R. Civ. P. 12(f) states that the court "may" strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. The fact that defendant's reply was filed late does not necessarily mean that it was redundant, immaterial, impertinent or scandalous. However, the court notes that, as with many of his other filings, defendant's reply does contain immaterial, impertinent and scandalous statements. Even so, the word "may" in Fed. R. Civ. P. 12(f) indicates that the court is not required to strike such matters. And I have denied similar motions to strike in this case because they only slow down the litigation and waste valuable court resources.

Because it was untimely, I did not consider defendant's reply when preparing the report and recommendation on defendant's motion to amend. Having now reviewed it, it does not alter my recommendation in any way. Striking the reply would not serve any purpose at this point in the litigation. Because Fed. R. Civ. P. 12(f) provides that the court "may" strike immaterial and impertinent statements and because that does not seem to be the best course of action in this case, the court DENIES Reo's motion to strike defendant's reply.[1] ECF Doc. 55.

**IT IS SO ORDERED.**

IT IS SO ORDERED.

Dated: December 17, 2020

Thomas M. Parker
United States Magistrate Judge

---

[1] As previously stated in this and other related litigation, the court's ruling should not be interpreted as approval of filings that are replete with name-calling and the use of pejorative terms to describe other parties. The court has admonished the parties to avoid further infantile rhetoric and immaterial commentary in their filings, and to attempt to show courtesy and respect, despite their differences. The court also encourages the parties to avoid filing unnecessary motions to strike. Even if motions to strike would be appropriate, there may be better ways to proceed that would also advance the court's goals of expediently resolving the parties' disputes.