**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | **CASE NO. 1:19CV2589** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

    This matter comes before the Court upon the Magistrate Judge's Report &

Recommendation (ECF DKT #52) recommending that the Court deny the Motion (ECF DKT

#45) of Defendant Martin Lindstedt to Amend to Add Additional Co-Conspirators/Counter

Defendants. For the following reasons, the Court adopts the Report & Recommendation and

denies Defendant's Motion to Amend.

## I. FACTUAL BACKGROUND

    Plaintiff Bryan Anthony Reo is an Ohio resident who is authorized to practice law in

Ohio. Defendant is a pastor at the Church of Jesus Christ Christian/Aryan Nations of

Missouri located in Granby, Missouri. Defendant is representing himself in this action.

Plaintiff filed a previous lawsuit for Defamation per se and False Light Invasion of Privacy against Defendant and his church in the Lake County Court of Common Pleas.  In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant and his church.  Of that amount, only $400 was awarded against the church.  Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with sexual favors appeared on a white nationalist website.  In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair.  In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress.  Plaintiff's wife and father filed two separate state court actions asserting the same claims.  Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds.  Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

Defendant's proposed amendments relate to two out-of-state court cases in which Lindstedt is or was a party.  In a Missouri state court action, Defendant sued the City of Granby, Missouri; the former mayor of Granby, Travis Gamble; the current mayor, Ira Hawkins; members of the Granby City Council; Granby City Clerk, Lawna Price; and Missouri state court judges, Gregory Stremel and Kevin Lee Selby, for conspiring to issue an unfounded domestic protection order against him for having mocked and insulted city officials.

-2-

Attorney Brian Goldstein of Cummings, McClorey, Davis & Acho PLC represented the defendants in the action.  Missouri Assistant Attorney General Caleb Wagner, on behalf of the Missouri Attorney General (current United States Senator) Josh Hawley, defended the two state judges.  Judge Charles Curless presided over the case.  Ultimately, Judge Curless dismissed Defendant's action as frivolous and imposed $4,000 in sanctions against him.  On October 14, 2019, Plaintiff allegedly sent Defendant an email informing him that for the consideration of $1,000, he was assigned the right to enforce and collect on the sanctions judgment.  (ECF DK #45-1).

Based upon these incidents in Missouri, Defendant seeks to add "counterclaims" against the City of Granby, Judge Curless, the State of Missouri, Senator Hawley, Goldstein, Cummings & McClorey, Gamble, Hawkins, Lawna Price, David Price, and Granby City Council Members, Ashley Edgemon, Joyce Mann, Will Barrett, and JoAnn Lamp, for engaging in a conspiracy against him.  Defendant seeks declaratory and injunctive relief against the City, the State of Missouri, Judge Curless and Josh Hawley.  Defendant prays for compensatory and punitive damages against the past and current mayors, past and present council members, Attorney Goldstein and his firm for selling the "fraudulent" sanction judgment to Plaintiff Reo.

In the pending South Dakota case, Plaintiff alleges that Defendant fraudulently transferred his real property to his sister.  Plaintiff is suing to undo the fraudulent transfer and to foreclose on the real property to satisfy the $105,000 Ohio judgment awarded in his favor.  Attorney Robert Konrad represents Plaintiff in the South Dakota action.

Now, Defendant wishes to amend in the instant matter and add the State of South

-3-

Dakota, the Stanley County Court, Konrad and Konrad's current and former law firm for abusing legal process by seeking to enforce an out-of-state judgment against him while his appeal is still pending in Ohio.  Defendant seeks declaratory and injunctive relief against South Dakota and the Stanley County Court to delay the enforcement proceedings.  He seeks compensatory and punitive damages against Konrad and his firm, as well as Konrad's disbarment.

Plaintiff filed an Opposition (ECF DKT #46) to the Motion to Amend and focuses on the South Dakota litigation.  Plaintiff argues that Defendant's proposed claims against Attorney Konrad are futile because Konrad is not amenable to suit in Ohio and is immune from liability for representing Plaintiff in South Dakota.  Plaintiff also argues that any purported disciplinary proceedings involving Konrad are for the South Dakota courts to pursue.  Plaintiff contends that permitting Defendant to amend his pleadings now would prejudice the "Third-Party Defendants" who have already filed and fully briefed their dispositive motions in the within lawsuit.

On August 12, 2020, the Magistrate Judge issued his Report & Recommendation (ECF DKT #52).  He recommends that Defendant's Motion to Amend (ECF DKT #45) be denied on the grounds of futility, delay and prejudice.

On August 26, 2020, Defendant filed his Objections (ECF DKT #62).  Defendant insists that he has the right to challenge the "bogus" domestic protection order and "bogus" sanctions judgment issued out of the Missouri court.  Defendant argues that the claims are related to this litigation because Plaintiff took assignment of the Missouri sanctions judgment and because Plaintiff is attempting to enforce the Ohio judgment in South Dakota while the

Ohio state appellate process is still pending.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 72(b) Standard**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers* v. *Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

Local Rule 72.3(b) reads in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." This liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing

-5-

party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, ***by itself***, "does not justify denial of leave to amend."  *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). (Emphasis added).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would:  require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction."  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005), citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 518 (6th Cir. 2001).

## Magistrate Judge's Findings and Recommendations

The Magistrate Judge emphasizes that permitting amendment at this juncture would result in undue delay and prejudice.  The Court has already permitted amendments to Defendant's Answer and "Counterclaims."  (ECF DKT #17).  "Third-Party Defendants" have filed dispositive motions pursuant to the case management schedule; the Magistrate Judge has made his recommendations; and each dispositive motion is now before the District Judge for review.

As a practical procedural matter, the Magistrate Judge notes that Defendant's proposed pleadings cannot be Counterclaims:

> Lindstedt's claims against parties other than Bryan Reo cannot be
> counterclaims; counterclaims can only be asserted against the party who sued a

defendant.  What Lindstedt is attempting is the statement of claims against non-parties or what is described as third party practice (for which he would have been required to file a third party complaint).  Fed. R. Civ. P. 14.  (*See e.g.*,  Report & Recommendation ECF DKT #50 at fn. 2).

The Magistrate Judge finds that Defendant's proposed amendments are futile for a number of reasons.

**<u>Missouri claims</u>**

Even if the Court were to treat Defendant's claims as Permissive Counterclaims, they fail for lack of subject matter jurisdiction.  There is a lack of complete diversity because Defendant is a Missouri resident.  Moreover, there is no federal question raised by Defendant's purported state law claims of abuse of process and civil conspiracy.

Defendant cannot establish personal jurisdiction pursuant to Ohio's long-arm statute and in conformity with constitutional due process.   *See* Ohio Rev. Code § 2307.382.  Defendant has not alleged that the additional parties have transacted business in Ohio, have committed tortious conduct in Ohio nor caused tortious injury to an Ohio citizen.  There are no meaningful contacts with the State of Ohio such as to justify the exercise of jurisdiction over the Missouri and South Dakota parties.

**<u>Claims against Missouri and South Dakota</u>**

Private suits in federal court against the State of Missouri and the State of South Dakota are barred by the Eleventh Amendment to the United States Constitution.  Furthermore, neither State has consented to federal jurisdiction as relates to Defendant's alleged claims.

**<u>Immunity</u>**

Judicial immunity forecloses civil actions against Missouri State Judge Curless and

-7-

the Stanley County Court in South Dakota arising out of conduct in the scope of judicial duties.

The named Missouri and South Dakota public officials are also immune unless their actions were outside the scope of their official duties or violated clearly established constitutional rights.

**Failure to state cognizable claims**

The challenges Defendant makes to state court decisions and judgments are not properly addressed as civil conspiracy claims in federal court.  The federal court does not sit as an appellate tribunal.

If Defendant's claims are construed as abuse of process, Defendant must sufficiently allege an illegal, improper, perverted use of process, done for an improper purpose and resulting in damage.  *See, Impey v. Clithero*, 553 S.W.3d 344, 349 (Mo. Ct. App. 2018); *Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998, 1007 (D.S.D. 2018) (*citing Miessner v. All Dakota Ins. Assocs., Inc.*, 515 N.W.2d 198, 204 (S.D. 1994)).

Requesting the imposition of sanctions for a frivolous lawsuit, as allegedly occurred in Granby, Missouri, is a legitimate use of legal process.  Similarly, assigning the right to collect on a judgment upon payment of due consideration is a legitimate use of legal process.

Defendant challenges the authority of the South Dakota courts to proceed against him with Plaintiff's fraudulent transfer and foreclosure litigation, because his appeal of the Lake County, Ohio judgment is still pending.  However, this dispute should be addressed by Defendant seeking a stay in the South Dakota case, not by introducing third-party claims into this defamation lawsuit.

-8-

In a related matter, Defendant wishes to sue Attorney Konrad for his representation of Plaintiff in South Dakota. Konrad's actions as a practicing attorney in South Dakota are within the purview of that state's bar association and disciplinary counsel. Konrad has not appeared here nor violated any professional responsibility obligations in this Court's presence.

**Defendant's Objections**

In his timely Objections (ECF DKT #62), Defendant repeats the same grievances he has with the individuals, officials and governmental entities in Missouri and South Dakota that he outlines in his original Motion to Amend.

Defendant does not dispute the facts and law as laid out by the Magistrate Judge in his Report & Recommendation. Rather, Defendant contends that the co-conspirators and counter-defendants should defend their actions in their own Rule 12(b)(2) and Rule 12(b)(6) motions. Defendant argues that it should not be the Magistrate Judge's place to speak for them or "give them a free pass." In fact, the Magistrate Judge is specifically authorized by the federal and local rules to review and recommend whether Defendant's claims against these proposed new parties can be sustained under this Court's limited subject matter jurisdiction. The Magistrate Judge's recommendations are in no way a showing of favoritism to either side.

Another point Defendant raises is that if South Dakota law allows Plaintiff and his lawyer to sue him for fraudulent transfer, then Defendant can lawfully counter with lawsuits to freeze their assets and compel disgorgement. This may be Defendant's justification for his amendments but it does not save his claims or "counterclaims" from the many serious

-9-

jurisdictional, procedural and legal bars against them.

## III. CONCLUSION

In his Objections, Defendant does not raise any areas of disagreement with the applicable law or relevant facts as outlined in the Magistrate Judge's Report & Recommendation.  Defendant merely repeats the conduct of the proposed "counter-defendants" and presents their actions under the umbrella of conspiracy or abuse of process. Such generalized objections have the same effect as an utter failure to object.  *Howard*, 932 F.2d at 509.

Therefore, the Court adopts the Report & Recommendation of the Magistrate Judge (ECF DKT #52) and denies the Motion (ECF DKT #45) of Defendant Martin Lindstedt to Amend to Add Additional Co-Conspirators/Counter Defendants.  In light of this ruling, the Motion (ECF DKT #55) of Plaintiff Bryan Anthony Reo to Strike Defendant's Reply Brief is denied as moot.

**IT IS SO ORDERED.**

**DATE: March 23, 2021**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**