**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | **CASE NO.1:19CV2589** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **MARTIN LINDSTEDT,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, SR. J.:**</u>

This matter is before the Court on Third Party Defendant Kyle J. Bristow's Motion to

Dismiss Pursuant to Fed. R. Civ. P 12(b)(2) and Fed. R. Civ. P. 12(b)(6).  (ECF # 25).  In his

Report and Recommendation (ECF # 53), the Magistrate Judge recommends granting

Bristow's Motion.  Upon review, the Court agrees with the Magistrate Judge's

recommendation, adopts the R & R and grants Bristow's Motion to Dismiss Lindstedt's Third

Party Claims against Bristow for lack of personal jurisdiction.

In his Complaint, Plaintiff Bryan Reo alleges Defamation, Invasion of Privacy-False

Light, Intentional Infliction of Emotional Distress and Permanent Injunction claims against

Defendant Martin Lindstedt for internet postings allegedly made by Lindstedt accusing Reo

of exchanging sexual favors with a Missouri Judge for a favorable legal ruling, having an

incestuous relationship with his father and having an extramarital affair.

Lindstedt filed an Answer and Counterclaim[1] which alleges various claims against third parties, including Bristow.  Lindstedt alleges Bristow conspired with Reo to steal Lindstedt's inheritance and violated Lindstedt's First Amendment and other undefined civil rights.  He arguably alleges Defamation against Bristow for referring to Lindstedt as a child molester.

In his Motion to Dismiss, Bristow contends the Court lacks personal jurisdiction over him.  Bristow is a Michigan resident and Lindstedt is a Missouri resident and none of Bristow's alleged misconduct occurred in Ohio.  Consequently, according to Bristow, Lindstedt cannot show the Court has personal jurisdiction over Bristow.

In his Report and Recommendation, the Magistrate Judge recommends granting Bristow's Motion to Dismiss because Lindstedt has failed to meet his burden to show the Court has personal jurisdiction over Bristow.  He further recommends the Court grant Bristow's Motion to Dismiss, in part, because Lindstedt has failed to allege sufficient facts to support his Civil Conspiracy Claim.  Moreover, the Magistrate Judge determines that Lindstedt failed to offer responses to the arguments made by Bristow in support of dismissal. Instead, Lindstedt asks the Court strike Bristow's Motion and the attached exhibit reporting the child molestation charge against Lindstedt.

In his analysis, the Magistrate Judge determines that Lindstedt failed to demonstrate that Bristow's conduct falls under one of the nine circumstances enumerated in Ohio's long-

---

[1]     As the Magistrate Judge correctly points out, Lindstedt's "Counterclaims" against Bristow are, in fact, third party claims as Bristow is not a plaintiff in this matter.

2

arm statute which allows the Court to exercise personal jurisdiction over a defendant.  Neither Bristow nor Lindstedt are Ohio residents nor do they own property in Ohio.  Lindstedt did not allege Bristow's allegedly tortious conduct arose out of any business Bristow conducts in Ohio nor arose out of a breach of warranty.  Lindstedt did not allege he suffered injury in Ohio nor did he allege Bristow's purported tortious conduct occurred in Ohio.  This failure alone is sufficient to warrant dismissal.  However, the Magistrate Judge further determines that Lindstedt failed to demonstrate that the Court's exercise of personal jurisdiction over Bristow would comport with Due Process.  Bristow's conduct was not directed at Ohio; and both South Dakota and Missouri have greater interest in the matter since Missouri is Lindstedt's home state and South Dakota is the location of the property Lindstedt alleges Bristow is conspiring to take from him.  Although Bristow is licensed to practice law in Ohio, his conversations with Reo did not relate to Ohio in any way that would allow the Court to exercise personal jurisdiction over Bristow.

Should the Court find it has personal jurisdiction over Bristow, the Magistrate Judge alternatively recommends the Court grant Bristow's Motion to Dismiss for Failure to State a Claim on Lindstedt's Conspiracy Claim because Lindstedt fails to allege any unlawful act or any malicious combination which are necessary elements of a conspiracy claim.  The Magistrate Judge recommends denying Bristow's Motion to Dismiss on Lindstedt's Defamation claim because at this stage Lindstedt has asserted sufficient facts to make this claim plausible.  While Bristow submits evidence Lindstedt was charged with child molestation, Lindstedt alleges he was not convicted of the charge.  Because Lindstedt alleges Bristow published a statement to third parties that Lindstedt was a convicted child molester,

dismissal is inappropriate under Rule 12(b)(6).

**Lindstedt's Objections**

Lindstedt objects to the Magistrate Judge's recommendation that the Court dismiss his Third Party Complaint against Bristow for lack of personal jurisdiction because Bristow and Reo's joint filing of their Rule 26 Report of Parties Planning Meeting evidences their conspiracy and proves they are under the Court's jurisdiction.  It further proves Bristow has an active case in Ohio despite the Magistrate Judge's contrary conclusion.  Lindstedt further claims that he is being victimized in Ohio courts by Reo's and Bristow's "lawfare."

## LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court

4

Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge.  Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution."  *Conn v. Zakharov,* 667 F.3d 705, 710 (6th Cir. 2012) quoting *Int'l Techs. Consultants v. Euroglas S.A.,* 107 F.3d 386, 391 (6th Cir.1997).  "The plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence."  *Id.,* citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 & n. 3 (6th Cir.2006).  "But where, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a 'prima facie' case that the court has personal jurisdiction."  *Conn,* 667 F.3d at 711.  "In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions."  *Id.*

To make a prima facie case for personal jurisdiction over a defendant a plaintiff must show  that: "(1) jurisdiction is proper under a long-arm statute or other jurisdictional rule of Ohio, the forum state; and (2) the Due Process Clause also allows for jurisdiction under the

facts of the case." *Id.*   "Unlike other jurisdictions, Ohio does not have a long-arm statute that

reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is

a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Id.*

Ohio's long-arm statute is found at Ohio Rev. Code § 2307.382 which reads in

pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

6

The Magistrate Judge finds that Lindstedt failed to assert or establish any of above factors as applied to Bristow that would permit the Court to exercise personal jurisdiction over him.

Having reviewed the Motion, Opposition, Reply, R & R and Objections, the Court adopts the Magistrate Judge's recommendation and finds that the Court lacks personal jurisdiction over Bristow.  Lindstedt offers no argument or evidence that demonstrates the Court has personal jurisdiction over Bristow.  Instead, he relies solely on the joint filing by Bristow and Reo of their Rule 26 Report of Parties' Planning Meeting as proof they are conspiring against him.

However, the Rule 26 conference is mandated by the Federal Rules of Civil Procedure and by Court Order.  Bristow's Motion to Dismiss was filed before the conference and the challenged Rule 26 Report.  Furthermore, the Rule 26 filing by Reo and Bristow indicates that they emailed Lindstedt to participate; but instead of participating, Lindstedt issued offensive responses to their email.  Thus, the Court finds that Bristow's mere compliance with Fed. R. Civ. P. 26 requirements does not establish the Court's personal jurisdiction over him as it does not satisfy any of the Ohio long-arm provisions.

Moreover, Bristow did not sue Lindstedt.  On the contrary, Lindstedt brought suit in Ohio against Bristow.  Thus, Bristow's defense of Lindstedt's claims does not satisfy any of the Ohio long-arm statute requirements.  Defense of a lawsuit does not constitute transacting business in Ohio, particularly where the cause of action must arise from one of the nine enumerated provisions of the long-arm statute.  Lindstedt's purported cause of action arose prior to the filing of the Rule 26 Report.  Nor is it evidence of a conspiracy but rather a

7

procedural requirement to which all parties are obligated.

Lindstedt's claims against Bristow for Defamation and Civil Conspiracy do not implicate an Ohio connection either as the alleged conduct did not occur in Ohio and the alleged injury arising therefrom did not occur in Ohio. Instead, Lindstedt alleges Bristow and Reo conspired to deprive Lindstedt of his property in Missouri and South Dakota and it is there that his injury occurred. As to his Defamation claim, Lindstedt is a Missouri resident and it is there that any defamation damages occurred. Finally, Lindstedt fails to assert any facts that Bristow made the defamatory statements in Ohio nor were the statements directed to Ohio residents. Moreover, Lindstedt does not allege that either he or Bristow owns property in Ohio.

As a result, the Court agrees with the Magistrate Judge that Lindstedt has failed to satisfy Ohio's long-arm statute and therefore the Court is without personal jurisdiction over Bristow. See *Conn*, 667 F.3d at 711–12. ("Of course, if jurisdiction is not proper under Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa."). See also *Brunner v. Hampson,* 441 F.3d 457, 467 (6th Cir.2006) (if a plaintiff cannot show jurisdiction under the Ohio long-arm statute, a Due Process analysis is unnecessary).

Lindstedt appears to contend that because Bristow is licensed to practice law in Ohio he is amenable to personal jurisdiction. But Ohio's long-arm statute requires that Lindstedt's cause of action "arise" out of one of the nine enumerated conditions in order for the Court to exercise personal jurisdiction over Bristow. As the Magistrate Judge notes, Lindstedt has failed to make that showing. None of Lindstedt's claims against Bristow arose out of

8

Bristow's practice of law in Ohio.  Therefore, Lindstedt has failed to demonstrate personal jurisdiction under Ohio's long-arm statute.

While dismissal is warranted for Lindstedt's failure to satisfy Ohio's long-arm statute, the Magistrate Judge analyzes his claims under the Due Process requirements and determines Lindstedt could not satisfy these requirements either.

"There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn*, 667 F.3d at 712–13.  The Magistrate Judge determines, and the Court agrees that there is no general jurisdiction over Bristow as he is not domiciled in Ohio and has no active cases here per his Declaration.  Lindstedt points to the instant case for the proposition that Bristow has an active case in Ohio.  However, Bristow is defending himself in this case and is not serving as counsel for any other party.  Thus, there is no general jurisdiction over Bristow.  Furthermore, the Sixth Circuit has concluded that "Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute." *Conn,* 667 F.3d at 717.  Here, Lindstedt has not alleged any facts that would establish personal jurisdiction over Bristow.  Bristow, on the other hand, has submitted a declaration stating that he lives in Michigan and does not have any active cases pending in Ohio.  ECF Doc. 25 at 21.  The Court can only conclude that it lacks general personal jurisdiction over Bristow.

"Unlike general jurisdiction, specific personal jurisdiction requires that a defendant's

contact with the forum state be related to or arise out of the asserting party's cause of action." *Power Inv., LLC v. SL EC,* LLC, 927 F.3d 914, 917 (6th Cir. 2019).   The Sixth Circuit has held, that "specific jurisdiction comprises three elements:  First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Conn*,  667 F.3d at 713, quoting *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir.2002).

In analyzing Lindstedt's claims, the Magistrate Judge finds that Bristow's contacts with Ohio do not demonstrate that he purposefully availed himself of the privilege of acting in Ohio.  None of Lindstedt's claims against Bristow arise out of Bristow's practice of law in Ohio.  Moreover, other states have greater interest in the claims than Ohio as Bristow is a Michigan resident, Lindstedt is a Missouri resident and the injury alleged occurred in both Missouri and South Dakota.

Lindstedt makes no objections to these conclusions of the Magistrate Judge.  Instead he merely points the Court to the Rule 26 Report provided by Reo as Plaintiff and Bristow as Third Party Defendant as evidence of conspiracy and proof that the Court has personal jurisdiction over Bristow.  However, this Court has already determined this action by Bristow is required under the Rules of Procedure and Court orders and did not arise out of Lindstedt's

claims.[2]

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation (ECF #53) and grants Bristow's Motion (ECF #25) to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Since this ruling is dispositive of Defendant Lindstedt's claims against Kyle Bristow, it is not necessary to undertake the Fed. R. Civ. P. 12(b)(6) analysis.

**IT IS SO ORDERED.**

**DATE: March 23, 2021**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

---

[2]     Insofar as the Court could construe Lindstedt's arguments as claiming Bristow waived any personal jurisdiction by indicating he would defend this action on the merits, the Court finds Bristow filed his Motion to Dismiss for Lack of Personal Jurisdiction within days of being served with Lindstedt's Complaint and therefore does not support any waiver argument.

11