**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | **CASE NO. 1:19CV2589** |
| | ) | |
| Plaintiff, | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J**.:

This matter comes before the Court upon the Magistrate Judge's Report & Recommendation (ECF DKT #50) recommending that the Court grant the Motion (ECF DKT #31) of Counter-Defendant State of Ohio to Dismiss. For the following reasons, the Motion of the State of Ohio to Dismiss is granted.

**I. FACTUAL BACKGROUND**

Plaintiff Bryan Anthony Reo is an Ohio resident who is authorized to practice law in Ohio. Defendant is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri. Defendant is representing himself in this action.

Plaintiff filed a previous lawsuit for Defamation per se and False Light Invasion of Privacy against Defendant and his church in the Lake County Court of Common Pleas. In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant and his church. Of that amount, only $400 was awarded against the church. Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with sexual favors appeared on a white nationalist website. In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair. In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress. Plaintiff's wife and father filed two separate state court actions asserting the same claims. Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds. Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

Defendant's Amended Answer (ECF DKT #17) alleges multiple "Counterclaims" against Ohio. Defendant's principal claim against Ohio appears to be a 42 U.S.C. § 1983 claim for violation of his First Amendment rights of freedom of speech, freedom of religion and freedom of the press. He alleges that by allowing Plaintiff to be licensed as an attorney in the State of Ohio and to bring claims attacking Defendant's "racial religion" in Ohio state courts, Ohio violated his First Amendment rights. By permitting a defamation lawsuit and judgment against him, Ohio violated Defendant's right of freedom of speech to publish

Plaintiff's misconduct.  Defendant also claims that Ohio violated his church's rights by entering a $400 judgment against it and by prohibiting Defendant from representing the church.  In addition to the "Counterclaims" against Ohio, Lindstedt also asserts "Counterclaims" against Judge Patrick Condon, the Lake County judge who presided over the Defamation case, and the Lake County Court of Common Pleas.

Ohio moves to dismiss Defendant's "Counterclaims" for both lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  (ECF DKT #31).  Ohio contends that it is absolutely immune from this suit, and that Defendant fails to allege any plausible claims against it.

On August 6, 2020, the Magistrate Judge issued his Report & Recommendation recommending that the Court grant Ohio's Motion to Dismiss.  Defendant filed his Objections on August 20, 2020. (ECF DKT #57).  Ohio responded on September 1, 2020.  (ECF DKT #65).

In the Objections, Defendant does not find fault with any of the Magistrate Judge's specific findings of fact or conclusions of law, but basically repeats the allegations of his pleadings.  He wants the State of Ohio to remove Plaintiff's license to practice law and to undo the ability of state courts to "censor and police the Internet of political or religious speech against anyone living well outside their jurisdiction."  (ECF DKT #39 at 7).  Moreover, Defendant complains about the "law" which prevents him from representing his church in Plaintiff's lawsuits.  *Id*.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 72(b) Standard**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers* v. *Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**Fed.R.Civ.P. 12(b)(1)**

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). "A facial attack goes to the

question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Id.*

"The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "This is no less true where, as here, it is the Defendant, rather than the Plaintiffs, who seeks the federal forum." *City of Tipp City v. City of Dayton*, 204 F.R.D. 388, 390 (S.D.Ohio 2001) (internal citation omitted).

**Fed.R.Civ.P. 12(b)(6)**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

**Pleading deficiencies**

The Magistrate Judge correctly notes that Defendant's proposed pleadings cannot be Counterclaims:

> Lindstedt's claims against parties other than Bryan Reo cannot be counterclaims; counterclaims can only be asserted against the party who sued a defendant. What Lindstedt is attempting is the statement of claims against non-parties or what is described as third party practice (for which he would have been required to file a third party complaint). Fed. R. Civ. P. 14. (*See* Report & Recommendation ECF DKT #50 at fn. 2).

**Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity functions as a jurisdictional bar to prevent federal courts from hearing cases brought against a state by the citizens of that state or of another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *McCormick v.*

*Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2021). Immunity applies unless the state has consented or Congress has clearly expressed the intent to abrogate immunity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Consent to a federal court's jurisdiction must be "unequivocally expressed " *Pennhurst*, 465 U.S. at 99; and the State of Ohio has not consented here. Section 1983 only provides a remedy against state officials and not against the state itself. *See e.g., Burkey v. Southern Ohio Corr. Facility*, 38 Ohio App. 3d 170 (10th Dist. 1988).

Congress possesses the authority to abrogate Eleventh Amendment immunity in order to enforce rights guaranteed by the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). However, Congress did not clearly abrogate Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979).

Defendant has not identified any waiver, exception, consent or Congressional abrogation which would eliminate the Eleventh Amendment immunity bar. Thus, the Court lacks subject matter jurisdiction over Defendant's claims against the State of Ohio and dismissal under Fed.R.Civ.P. 12(b)(1) is appropriate.

**Failure to state a claim to relief**

Alternatively, Ohio argues that Defendant's "Counterclaims" must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because Ohio is not a "person" as defined by 42 U.S.C. § 1983. The Magistrate Judge found that Ohio's assertion is correct, and the Court agrees.

Section 1983 authorizes a cause of action when a claimant alleges that "a person" acting under color of state law violates the claimant's constitutional rights. The United States Supreme Court has ruled that a state is not "a person" within the meaning of 42 U.S.C.

§ 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). Defendant makes his allegations against Ohio under 42 U.S.C. § 1983 (ECF DKT #17 at ¶30); therefore, he has not stated a claim that is plausible on its face.

Furthermore, Defendant's claims fail because he has not alleged a valid constitutional violation. In order to establish a claim under § 1983, a claimant must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Defendant seemingly alleges that Ohio's defamation laws are unconstitutional because they allow suits against him for exercising his freedom of speech.

States have a recognized, legitimate interest in providing a legal process by which individuals may seek compensation for harm caused by false statements. *Gertz v. Robert Welch, Inc*., 418 U.S. 323, 341 (1974). Ohio's defamation law comports with First Amendment free speech strictures.

Regarding Defendant's constitutional claims on behalf of his church, Defendant is unable to assert them because he is not an attorney.

> Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self a person may not appear on another person's behalf in the other's cause."). *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

Defendant does not make any cogent arguments against the Magistrate Judge's recommendation that dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate. Defendant cannot maintain 42 U.S.C. § 1983 claims against the State of Ohio because Ohio is not a "person."

Moreover, Defendant has not alleged any valid constitutional violation nor is he permitted to raise constitutional claims (or any claims) on behalf of his church.

### III. CONCLUSION

In his Objections (ECF DKT #57), aside from repeating the allegations of his "Counterclaims" against the State of Ohio, Defendant does not raise any areas of disagreement with the applicable law or relevant facts as outlined in the Magistrate Judge's Report & Recommendation.  Such generalized objections have the same effect as an utter failure to object.  *Howard*, 932 F.2d at 509.

Therefore, the Court adopts the Report & Recommendation of the Magistrate Judge (ECF DKT #52) and grants the Motion (ECF DKT #31) of Counter-Defendant State of Ohio to Dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim to relief under Fed.R.Civ.P. 12(b)(6).

**IT IS SO ORDERED.**

**DATE: March 25, 2021**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**