UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | CASE NO.1:19CV2589 |
| | ) | |
| **Plaintiff,** | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **MARTIN LINDSTEDT,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J:**

This matter is before the Court upon Plaintiff Bryan Anthony Reo's Motion for Summary Judgment. (ECF# 49). The Magistrate Judge issued his Report and Recommendation on December 1, 2020, recommending the Court grant summary judgment for Plaintiff on the liability portion of his Complaint at Counts I and II; deny summary judgment for Plaintiff on damages for Counts I and II and deny summary judgment for Plaintiff on Count III of his Complaint, or alternatively, grant summary judgment for Plaintiff on Counts I and II and on his damages claims. For the following reasons, the Court adopts the Magistrate Judge's recommendation and grants summary judgment for Plaintiff on Counts I and II of his Complaint on liability and on damages in the amount of $250,000 in compensatory damages and $500,000 in punitive damages.

Plaintiff is a Lake County, Ohio resident and is married to Stefani Reo. Defendant

Martin Lindstedt is a resident of Missouri and is Pastor of the Church of Jesus Christ Christian/Aryan Nations of Missouri. Plaintiff previously sued Defendant and his church in the Lake County Court of Common Pleas for Libel and False Light. Plaintiff obtained a jury award against Lindstedt for $105,000. That case is presently on appeal.

The present suit alleges Defendant made several defamatory statements against Plaintiff following the Lake County suit, including: that Plaintiff engaged in an extramarital affair; Plaintiff engaged in a sex act with a judge in order to obtain a favorable court ruling; and that Plaintiff engaged in an incestuous relationship with his own father. The Reos have filed multiple suits against Lindstedt in Lake County court. Defendant removed these suits to federal district court on diversity and federal question jurisdiction.

Plaintiff's Complaint alleges four claims: Defamation (Count I), Invasion of Privacy /False Light (Count II), Intentional Infliction of Emotional Distress (Count III) and Permanent Injunctive Relief (Count IV).[1]

The Magistrate Judge recommends summary judgment for Plaintiff on Counts I and II of his Complaint because Defendant failed to timely respond to Requests for Admission propounded to him on May 15, 2020. By rule, Defendant was to respond to the Requests by June 15, 2020. Defendant failed to respond until November 9, 2020, when he filed his Opposition to Summary Judgment and disclaimed any "silent admissions." Defendant's failures appear to stem largely from his pro se status which the Magistrate Judge has repeatedly cautioned him against. Defendant continues to represent himself and submits filings filed with

---

[1] Subsequent to the Magistrate Judge's Report and Recommendation, Plaintiff moved to dismiss Counts III and IV of his Complaint which the Court granted. Therefore, the Court finds the Magistrate Judge's recommendation on these claims moot.

racial and sex-based slurs and insults largely directed at the Plaintiff.

Relying on Fed R. Civ. P 36, the Magistrate Judge recommends that the Court grant summary judgment for Plaintiff on Counts I and II of his Complaint as to liability only. The Magistrate Judge examined the elements of Defamation and False Light claims in light of the express Requests for Admissions propounded to Defendant by Plaintiff and found that they satisfied all the elements. These admissions include the following:

> REQUEST FOR ADMISSION NO. 3: Please admit that at all times relevant to the controversy described within Plaintiff's Complaint, Defendant purposefully acted in a tortious manner so as to cause Plaintiff to suffer damages in the State of Ohio.
>
> REQUEST FOR ADMISSION NO. 4: Please admit that on August 9, 2019, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had engaged in homosexual oral sex with Missouri State trial court Judge Gregory Stremel for the purpose of obtaining a favorable ruling in a litigation matter against Defendant.
>
> REQUEST FOR ADMISSION NO. 22: Please admit that Defendant is liable to Plaintiff for invasion of privacy—false light—for the reasons articulated in Paragraphs 45 through 51 of Plaintiff's Complaint.
>
> REQUEST FOR ADMISSION NO. 29: Please admit that for purposes of First Amendment jurisprudence, Plaintiff is a non-public figure.
>
> REQUEST FOR ADMISSION NO. 30: Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.
>
> REQUEST FOR ADMISSION NO. 31: Please admit that for the reasons set forth within Plaintiff's Complaint, [] it would be just and proper for Plaintiff to be awarded $500,000.00 in punitive damages against Defendant's willful and malicious conduct.

The Magistrate Judge further found that Defendant had never moved to withdraw his admissions such that the Court could disregard them and proceed to analyze the claims strictly on the merits. Moreover, the Magistrate Judge cites to Sixth Circuit precedent holding that sua

3

**Plaintiff's Objections**

Plaintiff offers only a limited Objection to the Magistrate Judge's Report and Recommendation, objecting to the recommendation that his damages be denied on summary judgment. According to Plaintiff, Defendant's failure to respond to the Request for Admissions means they are deemed admitted by operation of law. These deemed admissions include admissions that Plaintiff was injured by Defendant's alleged defamatory and false light statements and that the amount of his damages equals $250,000 in compensatory damages and $500,000 in punitive damages. These admissions are as follows:

> REQUEST FOR ADMISSION NO. 30: Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.
>
> REQUEST FOR ADMISSION NO. 31: Please admit that for the reasons set forth within Plaintiff's Complaint, [] it would be just and proper for Plaintiff to be awarded $500,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.

Consequently, the above admissions conclusively demonstrate Plaintiff's damages such that further proof is unnecessary. Also, allowing some admissions to be withdrawn while enforcing others, when Defendant has not moved to withdraw them, amounts to a sua sponte withdrawal which the law prohibits.

Plaintiff also objects to permitting Defendant to withdraw his admissions, contending it would prejudice his case because Defendant continues to insult and demean the Reos in his filings with the Court. In addition, his case would further be prejudiced because Defendant has refused to provide any discovery in the case. Moreover, when Plaintiff attempted to obtain expert witnesses to testify on his psychological damages he was refused for fear of Defendant. Thus, should the Court permit withdrawal of his admissions it would only needlessly prolong the

litigation and continue to provide Defendant a public forum to further demean and degrade Plaintiff.

## LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge. Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

### Requests for Admission

Pursuant to Fed R. Civ. P. 36(a)(3), a failure to timely respond to a Request for

Admission is deemed an admission as the Rule reads:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

However, a party against whom unresponded-to admissions are deemed admitted may move to withdraw the admission pursuant to Rule 36(b) which reads:

**Effect of an Admission; Withdrawing or Amending.**

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

While the plain language of Rule 36(b) requires that a request to withdraw or amend admissions be "on motion," the Sixth Circuit has held that a formal, written motion is not required. See *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 153–54 (6th Cir. 1997), ("although the defendant did not file a formal motion to withdraw, the defendant's attorney did argue at the hearing on the motion to dismiss that the plaintiff's requests for admission should not be deemed admitted...we are reluctant to assign talismanic significance to the attorney's failure to use the phrase "I move."). See also *United States v. Petroff-Kline,* 557 F.3d 285, 293–94 (6th Cir. 2009) ("the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted."). "[W]e have held that a formal motion is not always required. (Internal citation omitted). Instead, a withdrawal 'may be imputed from a party's actions,' including the filing of a belated denial." *Id.* Quoting *Chancellor v. City of Detroit,* 454 F. Supp. 2d 645, 666 (E.D. Mich.2006).

7

District courts have "considerable discretion" regarding whether to permit withdrawal or amendment under Rule 36(b), *Kerry Steel*, 106 F.3d at 154. The court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) "when the presentation of the merits of the action will be subserved thereby," and (2) "when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." However, there must first be a motion upon which the Court may consider withdrawal as it is not permitted to act sua sponte. In regard to prejudice, "[t]he prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Brook Village North Assoc. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982). Prejudice under Rule 36(b), rather, "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154.

A number of courts within this circuit have held that requests for admission which are deemed admitted by the default of a pro se litigant generally "cannot be the sole basis for granting summary judgment if Plaintiff was not warned in the requests for admissions of the consequence of failing to respond timely." *Gordon v. Jones,* No. 3:08CV-P460-S, 2011 WL 847926, at *6, 2011 U.S. Dist. LEXIS 23320, at *14 (W.D. Ky. Mar. 8, 2011) (citing *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir. 1988)); see also *Gilliam v. Ordiway,* No. 15-cv-11833, 2016 WL 6803135, at *1, 2016 U.S. Dist. LEXIS 157801, at *8 (E.D. Mich. Oct. 20, 2016); *Morris v. Christian Cty. Sheriff's Dept.,* No. 5:12-CV-00156-TBR, 2013 WL 5934151, at *5, 2013 U.S. Dist. LEXIS 158240, at *5 (W.D. Ky. Nov. 5, 2013); *Jones-Bey v. Conrad,* No. 3:16-CV-723-DJH, 2020 WL 2736436, at *4 (W.D. Ky. May 26, 2020).

There was no warning given to Defendant in the Requests for Admission propounded on him by Plaintiff. However, from his filings, Defendant appears familiar with the consequences of failing to timely respond to such requests. (See ECF # 27 at 5). (In the Lake County litigation, Plaintiff alleged Defendant's admissions proved his case. The Lake County Court allowed Defendant to rescind his admissions on the eve of trial due to Plaintiff's own discovery failures.) Furthermore, Plaintiff's summary judgment motion requests the use of such admissions as the primary basis for judgment; and the Magistrate Judge gave Defendant additional time for discovery to respond to the summary judgment, presumably including an opportunity to move to withdraw his admissions. Defendant never formally or informally moved to withdraw, instead he appears to have unilaterally "withdrawn" his admissions without leave of court. Nor has Defendant submitted his responses to the Requests for Admissions to Plaintiff in the form and manner described in the Rule, if at all. Thus, this is not the case of a party inadvertently missing the deadline to submit responses or not fully understanding the ramifications of missing the response time due to his pro se status.

The Sixth Circuit has held, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Moreover, "pro se parties must follow the same rules of procedure that govern other litigants." *Barry Wilson v. Middle Tennessee State Univ. & The State of Tennessee,* No. 3:19-0798, 2021 WL 694181, at *5 (M.D. Tenn. Feb. 23, 2021); see also *Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000). "Ordinary civil litigants that proceed pro se are not entitled to special treatment, including assistance with responding to dispositive motions." *Wilson* at *5, citing *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1988). The Sixth Circuit has further held: "[W]hile pro

se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.* at 110.

Plaintiff filed his summary judgment motion on July 23, 2020, based on Defendant's admissions. In a Declaration in Response to Motion for Summary Judgment, Asking for Discovery to be Extended to Cover All Parties Once Established (ECF # 58), Defendant requested an extension of discovery due to the sheer number of suits the Reos have filed against him and the passing of his domestic partner in August 2020. Defendant asked in his Declaration at ECF # 58 that discovery be extended because Plaintiff has refused to provide any discovery on his damages. Defendant further represented he will "answer" Plaintiff's discovery requests including his Requests for Admissions on Defendant's Church website.

In response to Defendant's Declaration, the Magistrate Judge held a telephone status conference with the parties in September 2020. The Magistrate Judge granted Defendant's Motion to Extend Discovery, ordering Defendant to file his Opposition to Plaintiff's summary judgment motion by November 9, 2020 and permitting the parties to engage in further discovery, up to the response date, necessary to oppose or reply to the pending dispositive motion.

On November 9, 2020, Defendant filed his Consolidated Opposition Reply Brief to Plaintiff's Motion for Summary Judgment. In the caption it further states, "Withdrawal of Silent "Admissions." In his Opposition Brief, Defendant states he is submitting all his consolidated

10

answers to Plaintiff and is "withdrawing all silent admissions yet again." (Consolidated Brief in Opposition at 3). He continues: "Thus, since the admissions are withdrawn, then this Court can proceed to trial on the merits before a jury..." (*Id* at 3-4). Defendant later asserts, "since the admissions have been withdrawn in the time frame of further discovery set by Magistrate Parker on September 8, 2020," the Reos have "no claim to summary judgment..." (*Id* at 5). Defendant also continues to assert that Plaintiff has failed to provide any basis for his damages. In his Objections at ECF# 83 to the Magistrate Judge's R & R, Defendant claims that he has "overtly asked to withdraw the implied Rule 36 admissions" in his filing of November 9, 2020.

The Magistrate Judge determined that Defendant never moved to have his admissions withdrawn prior to the Report and Recommendation and the Court agrees. Instead, Defendant unilaterally withdrew his admissions because he did not want them used against him. However, he never provided direct answers to the Requests for Admission in the form required by Rule 36; and, insofar as this Court is aware, has still not done so, despite knowing that failure to do so may subject him to summary judgment.

The Court does not believe that Rule 36 or subsequent caselaw interpreting the same allows the Court to pick and choose which admissions will be withdrawn and which will be enforced when Defendant has not moved to withdraw any admissions. Because Defendant has not requested that only certain admissions be withdrawn, the Court must either withdraw all his admissions or none of them. The plain language of Rule 36 requires the withdrawal be "on motion" and, as the Magistrate Judge correctly determined, the Court may not withdraw admissions sua sponte. Defendant's filings make clear he wants all his admissions withdrawn but he has never formally moved to do so and has never submitted his responses to the Requests.

11

Rule 36 is "intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy. Thus, Fed. R. Civ. P. 36(a)(1)(A) permits requests for admissions as to 'facts, the application of law to fact, or opinions about either.'" *Petroff-Kline*, 557 F.3d at 293, quoting Rule 36.

On consideration of Defendant's and Plaintiff's Objections, the Court agrees with the Magistrate Judge's recommendation finding that Defendant admitted the requests for admission and that these support the elements of Defamation and False Light. The Court will not construe the statement in his Objection that he overtly asked the Magistrate to withdraw his requests as a request for withdrawal because the docket demonstrates Lindstedt never moved to withdraw, despite knowing the consequences for failure to do so, and because Lindstedt has not provided responses even more than eight months after they were propounded on him.

Rule 36(b) also requires that the Court consider what prejudice, if any, Plaintiff will face should the Court grant withdrawal. Again, the prejudice the Court must guard against is that which "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154. The Magistrate Judge found Plaintiff would be prejudiced by the continued scandalous and insulting filings of Defendant and by the needless prolonging of the litigation. In his Objection, Plaintiff argues against withdrawal, contending that not only would he suffer the prejudice described by the Magistrate Judge, but would also have to present his claims in the absence of any discovery from Defendant, who failed to provide him discovery as requested and continues to submit slanderous filings at every opportunity. Moreover, Plaintiff asserts that expert witnesses have declined to testify on his behalf for fear of Defendant.

The Court finds that much of the purported prejudice Plaintiff complains of is not the sort that would militate against withdrawal. Continued slanderous filings by Defendant do not relate to the special difficulties Plaintiff will face with the sudden need to obtain evidence. However, the fact that Defendant failed to provide evidence during discovery and has issued many threatening responses in his Court filings is particularly troubling to the Court and has clearly prejudiced Plaintiff's ability to marshal evidence in his case.

Based upon Defendant's continued scandalous, scurrilous and vitriol-laced filings, the Court will not show him the leniency usually afforded pro se litigants. Holding him to the standards of practice required of counsel, the Court will not tolerate Defendant's language in his filings and his misuse of the judicial process. Nor will the Court search the record to find that any of his filings constitute a request to withdraw the admissions.

By Rule, the admissions are deemed admitted and these admissions conclusively support Plaintiff's claims for Defamation and False Light as found by the Magistrate Judge. "Rule 36(a) allows a party to request an admission even where the request seeks admission of 'ultimate facts' or 'is dispositive of the entire case.'" *Turk v. Citimortgage,* No. 05–70386, 2005 WL 2090888, at *3 (E.D.Mich.2005) (citing *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979)). "Thus matters deemed admitted can serve as a basis for the granting of a motion for summary judgment." *Id.* (citing Fed. R. Civ. P. 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.,* 606 F.2d 760, 766 (7th Cir.1979); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985)). Rule 56 itself allows the use of admissions as a basis for granting summary judgment wherein it reads:

> Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

13

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), **admissions,** interrogatory answers, or other materials.

See also *Jasar Recycling, Inc. v. Major Max Mgmt. Corp.*, No. 4:08CV2830, 2010 WL 395212, at *3 (N.D. Ohio Jan. 22, 2010) (holding that deemed admissions supported damage amounts claimed by plaintiff and granting summary judgment on the same.).

Therefore, because Defendant has not responded to Plaintiff's Requests for Admission, nor moved to withdraw them, the Court adopts the Magistrate Judge's recommendation that they be deemed admitted; and that these deemed admissions demonstrate there are no genuine issues of fact and Plaintiff is entitled to summary judgment on his Defamation and False Light claims against Defendant. Moreover, the Court adopts the Magistrate Judge's recommendation in the alternative that Plaintiff be granted summary judgment on these claims in the amount of $250,000 in compensatory damages and $500,000 in punitive damages against Defendant based on the same admissions.

The case shall proceed on Defendant's remaining claims.

**IT IS SO ORDERED.**

**DATE: March 29, 2021**

                                s/Christopher A. Boyko
                                **CHRISTOPHER A. BOYKO**
                                **Senior United States District Judge**