## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | **CASE NO. 1:19CV2589** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report &
Recommendation (ECF DKT #56) recommending that the Court grant the Motion (ECF DKT
#35) of "Counter-Defendants" Judge Patrick Condon and Lake County Court of Appeals to
Dismiss.  For the following reasons, the Court adopts the Magistrate Judge's recommendation
and grants the Motion to Dismiss.

## I. FACTUAL BACKGROUND

Plaintiff Bryan Anthony Reo is an Ohio resident who is authorized to practice law in
Ohio.  Defendant is a pastor at the Church of Jesus Christ Christian/Aryan Nations of
Missouri located in Granby, Missouri.  Defendant is representing himself in this action.

Plaintiff filed a previous lawsuit for Defamation per se and False Light Invasion of Privacy against Defendant and his church in the Lake County Court of Common Pleas.  Judge Patrick Condon presided over the Lake County trial.  In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant and his church.  Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with sexual favors appeared on a white nationalist website.  In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair.  In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress.  Plaintiff's wife and father filed two separate state court actions asserting the same claims.  Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds.  Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

Defendant's Amended Answer (ECF DKT #17) alleges multiple "Counterclaims" and adds Condon and Lake County Common Pleas Court as "Counter-Defendants," among others. Defendant alleges that Condon lacked jurisdiction to hear Plaintiff's state claims because they were barred by the applicable statute of limitations and because "it is impossible to sue a church for mere 'words.'"  *Id.*  Defendant also alleges that Condon was biased and made unfavorable rulings against him, such as:

• Allowing Reo to call Lindstedt a "convicted child molester" in trial;

-2-

• Allowing Reo to present cherry-picked portions of Lindstedt's website;

• Empaneling a biased jury;

• Refusing to sanction Reo for perjury and abuse of legal process;

• Refusing to allow Lindstedt to present certain evidence in his own favor;

• Refusing to allow Lindstedt's proposed  jury instructions; and

• Ruling against Lindstedt on his motion for directed verdict.

Defendant demands declaratory and injunctive relief enjoining Condon and the Lake County Common Pleas Court from "ever again claiming any jurisdiction to hear cases brought by litigants like Bryan Reo against Defendants residing and doing their personal and organizational business outside the State of Ohio."  *Id.*

"Counter-Defendants" Condon and Lake County Common Pleas Court move for dismissal of the claims against them pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), because "this Court lacks jurisdiction under the *Rooker-Feldman* doctrine; this Court should abstain from adjudicating this action under *Younger v. Harris*; Plaintiffs' [sic] request for declaratory relief fails because there is no case or controversy between them and Judge Condon; Third-Party Plaintiffs otherwise fail to state a claim for which relief can be granted; and, Judge Condon is entitled to absolute judicial immunity from any claim for injunctive relief.  In addition, Third-Party Plaintiffs' claims against the Lake County CCP must be dismissed because it is not *sui juris* — that is, it is not an entity capable of being sued."  (ECF DKT #35-1 at 1-2).

On August 17, 2020, the Magistrate Judge issued his Report & Recommendation. (ECF DKT #56).  The Magistrate Judge noted, and the Court agrees, that Defendant's

proposed pleadings cannot be Counterclaims:

> Lindstedt's claims against parties other than Bryan Reo cannot be counterclaims; counterclaims can only be asserted against the party who sued a defendant. What Lindstedt is attempting is the statement of claims against non-parties or what is described as third party practice (for which he would have been required to file a third party complaint). Fed. R. Civ. P. 14. (*See e.g.*, Report & Recommendation ECF DKT #50 at fn. 2).

Furthermore, the Magistrate Judge recommends that Defendant's claims against Condon and the Lake County Court of Common Pleas should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Since Defendant's appeal of the Lake County judgment is currently pending, the Court should abstain pursuant to *Younger*. Defendant fails to state a claim for relief for constitutional violations under 42 U.S.C. § 1983. Condon enjoys judicial immunity from injunction actions, and the Lake County Court of Common Pleas is not an entity capable of being sued.

On August 28, 2020, Defendant filed his Objections (ECF DKT #64). He reiterates the evidentiary and ethical issues he has with the conduct of the trial in Lake County. He states that he does not recognize the jurisdiction of the Ohio courts nor the viability of the *Rooker-Feldman* doctrine or the *Younger* doctrine of abstention. He insists that he has "indeed stated a claim" pursuant to 42 U.S.C. § 1983. Condon and the Lake County Court of Common Pleas have no authority or dominion over him or his church; and therefore, he objects to the "judge-made" concepts of immunity and "sui juris."

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 72(b) Standard

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific

objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held:  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."  "A party may not file a general objection to the entirety of the magistrate's report."  *Ayers* v. *Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

## Fed.R.Civ.P. 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction.  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994).  "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis."  *Id.*

"The party seeking to litigate in federal court bears the burden of establishing the

existence of federal subject matter jurisdiction." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).  "This is no less true where, as here, it is the Defendant, rather than the Plaintiffs, who seeks the federal forum." *City of Tipp City v. City of Dayton*, 204 F.R.D. 388, 390 (S.D.Ohio 2001) (internal citation omitted).

**Fed.R.Civ.P. 12(b)(6)**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499

F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).   However, the Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

### ***Rooker-Feldman* and Subject Matter Jurisdiction**

In his claims against Condon and the Lake County Court of Common Pleas, Defendant complains about unfavorable evidentiary and procedural rulings.  Defendant asserts that Counter-Defendants violated his Due Process rights by improperly exercising jurisdiction over him and over his church, Missouri residents.  Defendant alleges that Counter-Defendants violated his First Amendment rights by allowing the Defamation lawsuit to proceed.  Defendant has appealed the adverse judgment to the 11th District Court of Appeals.

In essence, Defendant is asking this Court to review and to re-litigate the state-law case prosecuted against him by Plaintiff.  This is just the situation to which the *Rooker-Feldman* bar applies; and consequently, the Court lacks subject matter jurisdiction.

The *Rooker–Feldman* doctrine arises out of two Supreme Court cases which establish

-7-

that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir.2002) (*See*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983)).

As the Magistrate Judge points out (ECF DKT #56 at 4), the *Rooker-Feldman* doctrine applies when, as here, a case is brought by someone who has lost in a state court action; who complains of damages caused by the state court's judgment rendered prior to the district court proceedings commencing; and who asks the district court to review and reject that judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The doctrine bars re-litigation of claims raised in state court proceedings as well as claims that are "inextricably intertwined" with the claims asserted there. *See Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998).  Defendant's First Amendment and Due Process allegations are interlaced with the Lake County Common Pleas Court judgment that imposed damages upon him for defamatory statements he believes were the exercise of his right to free speech.

Defendant cannot seek appellate review of a state court final judgment in the federal district court.  Defendant's remedy is in the state court system; and he has the right to take an appeal from the state's highest court to the United States Supreme Court, if necessary. Defendant has failed to satisfy his burden of establishing the existence of subject matter jurisdiction in federal district court.

Even though the Court lacks subject matter jurisdiction, rendering further analysis unnecessary, and even though Defendant's Objections are conclusory and "bare-boned," the Court offers some limited further review of Defendant's third-party claims against Condon

-8-

and the Lake County Court of Common Pleas.

**<u>Failure to state a claim for relief</u>**

Defendant's claims pursuant to 42 U.S.C. § 1983 fail because he has not alleged a valid constitutional violation.  In order to establish a claim under § 1983, a claimant must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  An allegedly incorrect decision by an Ohio court does not constitute a deprivation of due process of law which a federal court may redress. *Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988).  The proper remedy for an incorrect ruling in a state trial court is an appeal to the state appellate court. *Id.*

Section 1983 authorizes a cause of action when a claimant alleges that "a person" acting under color of state law violates the claimant's constitutional rights.  The United States Supreme Court has ruled that a state is not "a person" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989).  Lake County Common Pleas Court is an arm of the state and as a state entity, the court is not a "person" subject to liability under § 1983. *Will*,  491 U.S. at 66-67.

Defendant's claims against Condon are not plausible for another reason  – judicial immunity.  Judges are generally immune from civil suits for money damages, including claims brought pursuant to 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9 (1991).  Judicial immunity has also been extended to include clams for injunctive relief.  42 U.S.C. § 1983, as amended (1996).

Condon's immunity can only be overcome in two instances:  1) if he acted in the complete absence of all jurisdiction; or 2) if his challenged actions were non-judicial.

-9-

*Mireles*, 502 U.S. at 11-12.  The Court finds that Condon had jurisdiction to preside over Defendant's defamation trial pursuant to Ohio Rev. Code § 2305.01, and the act of presiding over a civil case is clearly a judicial act.

The claims asserted against Lake County Common Pleas Court also fail.  Under Ohio law, the state court is not *sui juris* and cannot sue or be sued in its own right.  *Malone v. Ct. of Common Pleas of Cuyahoga Cty.*, 45 Ohio St.2d 245, 248 (1976).

Dismissal of these claims in favor of Condon and Lake County Common Pleas Court would be warranted under Fed.R.Civ.P. 12(b)(6).

However, since the Court lacks subject matter jurisdiction over all of Defendant's claims, the Motion of Counter-Defendants Condon and Lake County Common Pleas Court to Dismiss is granted pursuant to Fed.R.Civ.P. 12(b)(1).

### III. CONCLUSION

For these reasons, the Court adopts the Magistrate Judge's Report & Recommendation (ECF DKT #56) and grants the Motion (ECF DKT #35) of "Counter-Defendants" Judge Patrick Condon and Lake County Court of Common Pleas to Dismiss.

**IT IS SO ORDERED.**

**DATE: March 29, 2021**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**