UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | CASE NO. 1:19CV2589 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Magistrate Judge's Report & Recommendation (ECF DKT #81), recommending that the Court grant the Motion (ECF DKT #51) of Plaintiff Bryan Anthony Reo to Dismiss All Parties Upon Whom Service Has Not Been Completed. For the following reasons, Plaintiff's Motion is granted as unopposed and "Counter-Defendants" Brett Klimkowsky, Stefani Rossi Reo, Anthony Dominic Reo and the U.S. Federal Government are dismissed without prejudice for lack of service.

## I. FACTUAL BACKGROUND

Plaintiff Bryan Anthony Reo is an Ohio resident who is authorized to practice law in Ohio. Defendant is a pastor at the Church of Jesus Christ Christian/Aryan Nations of

Missouri located in Granby, Missouri. Defendant is representing himself in this action.

Plaintiff filed a previous lawsuit for Defamation per se and False Light Invasion of Privacy against Defendant and his church in the Lake County Court of Common Pleas. Judge Patrick Condon presided over the Lake County trial. In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant and his church. Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with sexual favors appeared on a white nationalist website. In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair. In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress. Plaintiff's wife and father filed two separate state court actions asserting the same claims. Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds. Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

Defendant filed his Amended Answer (ECF DKT #17) on February 3, 2020, and alleged multiple "Counterclaims" against Brett Klimkowsky, Stefani Rossi Reo, Anthony Dominic Reo and the U.S. Federal Government, among others.

At a Case Management Conference held on May 15, 2020, the Court extended the deadline to complete service until June 15, 2020, and instructed Defendant to review Local Rule 4.2(c) for service methods and obligations. Nevertheless, Defendant did not attempt to

obtain service on the "Counter-Defendants," and has not perfected service as of today's date.

Plaintiff filed the Motion to Dismiss (ECF DKT #51) on August 10, 2020, to streamline the proceedings and remove those individuals who have never properly been made part of the action in accordance with the Federal Civil Rules. Defendant never opposed the Motion.

On December 17, 2020, the Magistrate Judge issued his Report & Recommendation (ECF DKT #81), recommending dismissal of Brett Klimkowsky, Stefani Rossi Reo, Anthony Dominic Reo and the U.S. Federal Government. Defendant has failed to file any objections.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 72(b) Standard**

Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." "A party may not file a general objection to the entirety of the magistrate's report." *Ayers* v. *Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)).

Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### Fed.R.Civ.P. 4 Service

The plaintiff or defendant (as counterclaim-plaintiff) is obliged to effectuate service upon a defendant or counter-defendant in a reasonable and diligent manner. Fed.R.Civ.P. 4 provides in pertinent part:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Defendant had 90 days after the filing of his Amended Answer and Counterclaim on February 3, 2020, to serve the named "Counter-Defendants." The Court extended that deadline until June 15, 2020. Defendant did not accomplish service nor did he show good cause for any further extension.

### Failure to object

Defendant has not filed any timely objections as required by Fed.R.Civ.P. 72. Therefore, the Court must assume that Defendant is satisfied with the Magistrate Judge's recommendation. The Magistrate Judge cited and applied the appropriate legal standard for failure to perfect service on the opposing parties. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas*, 728 F.2d 813; *Howard*, 932 F.2d 505; *Walters*, 638 F.2d 947.

## III. CONCLUSION

For these reasons, the Court adopts the Magistrate Judge's Report & Recommendation (ECF DKT #81). The Motion (ECF DKT #51) of Plaintiff Bryan Anthony Reo to Dismiss All Parties Upon Whom Service Has Not Been Completed is granted as unopposed and "Counter-Defendants" Brett Klimkowsky, Stefani Rossi Reo, Anthony Dominic Reo and the U.S. Federal Government are dismissed without prejudice for lack of service pursuant to Fed.R.Civ.P. 4(m).

**IT IS SO ORDERED.**

**DATE: March 30, 2021**

      s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**