IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | ) Case No. 1:19-cv-2589 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| MARTIN LINDSTEDT, | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

On April 26, 2021, defendant Martin Lindstedt filed, pursuant to Fed. R. Civ. P. 59(e) and 60, a motion to alter or amend the District Court's March 29, 2021 order adopting my report and recommendation ("R&R") and granting plaintiff Bryan Anthony Reo's ("Reo's") motion for summary judgment. ECF Doc. 100. Reo filed an opposition to the motion. ECF Doc. 101. Because Lindstedt has not met his burden of establishing that reconsideration is justified, I recommend that his motion be DENIED.

**I.    Background**

The instant lawsuit involves allegedly defamatory statements made by Lindstedt about Reo. Reo brought suit, asserting claims of defamation (Count I), common law invasion of privacy (Count II), common law intentional infliction of emotional distress (Count III), and injunctive relief (Count IV), for which Reo sought compensatory and punitive damages. ECF Doc. 1-3. During discovery, Reo served Lindstedt with requests for admissions, to which Lindstedt never responded by the discovery deadline date. ECF Doc. 49 at 8; ECF Doc. 49-1;

ECF Doc. 49-2. Two requests for admission asserted that Reo suffered $250,000 in compensatory damages and should be awarded $500,000 in punitive damages. ECF Doc. 49-1 at 7. Reo moved for summary judgment on the basis that Lindstedt's silence admitted the factual allegations and legal conclusions in his complaint. ECF Doc. 49 at 12-13. The Court reopened discovery, after the close of which Lindstedt opposed Reo's motion, asserting that he was "[w]ithdrawing all implied 'admissions.'" ECF Doc. 75.

I thereafter issued an R&R, recommending summary judgment be granted on Counts I and II only as to liability. ECF Doc. 78 at 8-10. I reasoned that, because Lindstedt had not responded to Reo's requests or moved – as required under Fed. R. Civ. P. 36(b) – to withdraw his admissions, he admitted to factual allegations that would warrant granting summary judgment on Counts I and II. ECF Doc. 78 at 6-7, 10. But because Reo provided little factual support for his requested damages and Lindstedt was proceeding *pro se*, I recommended that the Court permit Lindstedt to withdraw his admission on the amount of damages. ECF Doc. 78 at 8-9, 10, 15. Alternatively, I recommended that the Court grant summary judgment in its entirety and award damages in the amounts admitted by Lindstedt. ECF Doc. 78 at 9. Over Lindstedt's objections, the Court adopted my alternative recommendation, granted summary judgment on Counts I and II, and awarded $250,000 in compensatory damages and $500,000 in punitive damages. ECF Doc. 83; ECF Doc. 92. The Court also dismissed Counts III and IV. Dkt. Entry dated 3/26/2021.

II.     **Parties' Arguments**

In his motion, Lindstedt argues – in relevant part – that he answered Reo's requests for admissions in his answers to Reo's complaint and in his opposition to Reo's motion for summary judgment. ECF Doc. 100 at 2, 6-7, 10-11. He takes issue with the Court's award of damages to

Reo, asserting that the award of damages without evidence violates his right to a jury trial, the Eighth Amendment bar against excessive fines, and Fed. R. Civ. P. 26(a)(1)(A)(iii).[1] ECF Doc. 100 at 1-2, 8-9, 11, 13.

Reo responds that Lindstedt's answers to his complaint were filed before he was served with requests for admissions, such that he could not have withdrawn his admissions via those instruments. ECF Doc. 101 at 4. Reo argues further that Lindstedt never requested to withdraw his admissions and that he simply repeats previously rejected arguments. ECF Doc. 101 at 1, 3-4. Reo additionally requests formal entry of judgment on the award of damages and disposition on Lindstedt's pending counterclaims.[2] ECF Doc. 101 at 5

### III. Legal Standard

Federal Rules of Civil Procedure 59(e) and 60 are procedural mechanisms by which a party may seek relief from a judgment or court order. Relief under Rule 59(e) is warranted when necessary to: (1) correct a clear error of law; (2) account for newly discovered evidence or an intervening change in controlling law; or (3) otherwise prevent manifest injustice. *CGH Trans., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008). Rule 60(b) allows for relief in six enumerated circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, discharged, or previously vacated judgment; and (6) any reason that may justify relief. Fed. R. Civ. P. 60(b). Regardless of which, the moving party cannot use either motion to relitigate the merits of claims or raise new claims that could have been brought before the

---

[1] The remainder of Lindstedt's motion consists of disparaging remarks and otherwise irrelevant material. *See generally* ECF Doc. 100.
[2] These requests are not addressed because Reo's request for a formal entry of judgment is the subject of another motion currently pending before the Court and my R&R recommending disposition on Lindstedt's counterclaims against Reo is likewise pending before the Court. ECF Doc. 80; ECF Doc. 96.

3

challenged order was issued. *O'Connel v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . is merely an attempt to relitigate the case."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that a Rule 59(e) motion "is not an opportunity to re-argue a case" and cannot be used to raise arguments that could have been raised before judgment was entered).

## IV. Analysis

Lindstedt has not met his burden of establishing that reconsideration is warranted in this case. Lindstedt asserted in his opposition to Reo's motion for summary judgment and in his objections to the R&R that he withdrew his admissions via his answers to Reo's complaint and formally withdrew his admissions in his opposition to Reo's motion for summary judgment. ECF Doc. 74 at 3-16, 19; ECF Doc. 75 at 3-5; ECF Doc. 83 at 2, 10-11, 15, 17-18. He also contended in his objections to the R&R that an award of damages based on his admissions would contravene Fed. R. Civ. P. 26(a)(1)(A)(iii) and violate the Eighth Amendment and his right to a jury trial. ECF Doc. 83 at 3, 5, 14, 17. The Court considered and rejected Lindstedt's arguments against granting summary judgment and his objections to the R&R. ECF Doc. 92 at 10-14. Lindstedt cannot now obtain relief from the Court's grant of summary judgment by repeating previously rejected arguments. *See O'Connel*, 8 F. App'x at 435; *Sault Ste. Tribe of Chippewa Indians*, 146 F.3d at 374.

4

V.	Conclusion

Because Lindstedt has not shown that reconsideration of the Court's March 29, 2021 order is warranted, I recommend that his motion to alter or amend the judgment (ECF Doc. 100) be denied.

Dated: May 10, 2021



Thomas M. Parker, United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).