IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | Case No. 1:19-cv-2589 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| MARTIN LINDSTEDT, | |
| Defendant. | **REPORT AND RECOMMENDATION** |

On April 22, 2021, defendant Martin Lindstedt filed, pursuant to Fed. R. Civ. P. 59(e) and 60, a motion to alter or amend the District Court's March 25, 2021 order adopting my report and recommendation ("R&R") and granting third-party defendant State of Ohio's ("Ohio") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. ECF Doc. 98. Ohio filed an opposition to the motion. ECF Doc. 103. Because Lindstedt has not met his burden of establishing that reconsideration is justified, I recommend that his motion be DENIED.

**I.    Background**

The instant lawsuit arises out of a defamation and false light action between plaintiff Bryan Anthony Reo ("Reo") and Lindstedt. Lindstedt's amended answer asserted "counterclaims" for damages against Ohio under 42 U.S.C. §§ 1983 and 1985. ECF Doc. 17. Specifically, Lindstedt alleged that Ohio: (1) violated his First Amendment rights by allowing Ohio-licensed attorneys to bring claims against him in Ohio courts and by not allowing him to

represent his church in court proceedings; (2) improperly exercised jurisdiction over him in cases brought by Ohio-licensed attorneys; and (3) violated the rights of his church by issuing a $400 judgment against it. ECF Doc. 17 at 4-5, 9-12, 28-30, 37. Ohio moved, under Fed. R. Civ. P. 12(b)(1) and (6), to dismiss Lindstedt's claims against it for lack of subject matter jurisdiction and for failure to state a claim. ECF Doc. 31. Ohio argued that it was immune from suit under the Eleventh Amendment and that Lindstedt failed to state a claim because a state was not a "person" under § 1983. ECF Doc. 31 at 3-4.

After Lindstedt responded, I issued an R&R, recommending Ohio's motion to dismiss be granted. ECF Doc. 39; ECF Doc. 50. I reasoned that the Eleventh Amendment precluded Lindstedt from suing Ohio because Ohio had not consented to be sued under § 1983 and Congress had not abrogated Ohio's Eleventh Amendment Immunity by permitting § 1983 claims against states. ECF Doc. 50 at 3-5. Alternatively, I reasoned that Lindstedt failed to state a claim against Ohio because it was not a "person" under § 1983 and he had not alleged constitutional violation. ECF Doc. 50 at 6. And to the extent he alleged that Ohio's defamation laws were unconstitutional, I found that Ohio's defamation laws complied with the First Amendment's limitations and he – as a non-attorney – could not assert constitutional violations on behalf of his church. ECF Doc. 50 at 6-7. Over Lindstedt's objections, the Court adopted my recommendation and granted Ohio's motion to dismiss for both lack of subject matter jurisdiction and failure to state a claim. ECF Doc. 57; ECF Doc. 91.

II.     **Parties' Arguments**

In his motion, Lindstedt does not address the Court's order or my R&R, instead presents a narrative filled with disparaging remarks and implicit threats. *See generally* ECF Doc. 98. Interspersed throughout his narrative, Lindstedt asserts that: (1) Ohio courts have wrongfully

2

exercised jurisdiction over cases brought by Reo against him and his church; (2) Ohio wrongfully allowed Ohio-licensed attorneys to bring cases against him and his church for exercising his racial and religious beliefs; (3) Ohio should disbar Reo and other third-party defendants in the case; and (4) the Ohio Supreme Court should take up his appeal and rule that the Lake County Court of Common Pleas wrongfully exercised jurisdiction over Reo's case against him. ECF Doc. 98 at 5-9. Lindstedt attached to his motion blog posts that he made in response to an Ohio court order ruling that he could not sue on behalf of his church, the subject court order, a list of cases pending in state court, an order from the Ohio Court of Appeals denying reconsideration, and a March 16, 2021 e-mail sent by Lindstedt to Reo. ECF Doc. 98-1; ECF Doc. 98-2; ECF Doc. 98-3; ECF Doc. 98-4; ECF Doc. 98-5.

Ohio responds that Lindstedt's motion is meritless because he failed to provide any reason for why reconsideration of the Court's order is warranted but merely reiterates the merits of his claims. ECF Doc. 103 at 1-4.

**III.  Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 are procedural mechanisms by which a party may seek relief from a judgment or court order. Relief under Rule 59(e) is warranted when necessary to: (1) correct a clear error of law; (2) account for newly discovered evidence or an intervening change in controlling law; or (3) otherwise prevent manifest injustice. *CGH Trans., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008). Rule 60(b) allows for relief in six enumerated circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, discharged, or previously vacated judgment; and (6) any reason that may justify relief. Fed. R. Civ. P. 60(b). Regardless of which, the moving party cannot use either motion to

3

relitigate the merits of claims or raise new claims that could have been brought before the challenged order was issued. *O'Connel v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . is merely an attempt to relitigate the case."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that a Rule 59(e) motion "is not an opportunity to re-argue a case" and cannot be used to raise arguments that could have been raised before judgment was entered).

IV.     Analysis

       Lindstedt has not met his burden of establishing that reconsideration is warranted in this case. His motion does not address – or attempt to address – the District Court's determination that it lacks subject matter jurisdiction over his claims against Ohio. *See generally* ECF Doc. 98. Nor does Lindstedt address the Court's determination that he cannot state a claim against Ohio under § 1983 because a state is not a "person" under the statute. *See generally id.* At most, Lindstedt's motion could be construed as attempting to allege that Ohio is liable for Ohio courts exercising jurisdiction over his cases, allowing Ohio-licensed attorneys to bring cases against him and his church, and for violating his First Amendment rights through unconstitutional defamation laws. *See id.* at 5-9. But these allegations were raised in his amended answer, response to Ohio's motion to dismiss, and objections to the R&R. ECF Doc. 17 at 4-5, 9-10, 28-30, 37-38; ECF Doc. 39 at 3-4, 7-8; ECF Doc. 57 at 4, 10-11, 13-14. The Court considered and rejected Lindstedt's arguments against dismissing his claims against Ohio and his objections to the R&R. ECF Doc. 91 at 3, 6-9. Lindstedt cannot now obtain relief from the Court's grant of Ohio's motion to dismiss by repeating previously rejected arguments. *See O'Connel*, 8 F. App'x at 435; *Sault Ste. Tribe of Chippewa Indians*, 146 F.3d at 374.

4

## V. Conclusion

Because Lindstedt has not shown that reconsideration of the Court's March 25, 2021 order is warranted, I recommend that his motion to alter or amend the judgment (ECF Doc. 98) be denied.

Dated: May 11, 2021



Thomas M. Parker, United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).