IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, ) | Case No. 1:19-cv-2589 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| MARTIN LINDSTEDT, ) | |
| ) | |
| Defendants. ) | **REPORT & RECOMMENDATION** |
| ) | |

On April 20, 2021, defendant Martin Lindstedt filed, pursuant to Fed. R. Civ. P. 59(e) and 60, a motion to alter or amend the District Court's March 23, 2021 order adopting my report and recommendation ("R&R") and granting third-party defendant Kyle Bristow's motion to dismiss for lack of personal jurisdiction. ECF Doc. 97. Over 33 days have passed since Lindstedt mailed a copy of his motion to Bristow without a memorandum in opposition being filed. ECF Doc. 97 at 8 (indicating that a copy of the motion was sent by regular and electronic mail to Bristow on April 20, 2021). Lindstedt's motion is now ripe for consideration. Local Rule 7.1(d) (providing 30 days for a motion in opposition to a dispositive motion to be filed and an additional 3 days if the party is served by regular mail); Fed. R. Civ. P. 6(d). Because Lindstedt has not met his burden of establishing that reconsideration is justified, I recommend that his motion be DENIED.

**I.      Background**

The instant lawsuit arises out of a defamation and false light action between plaintiff Bryan Anthony Reo ("Reo") and Lindstedt. Lindstedt's amended answer asserted that he resided Missouri and raised "counterclaims" for damages and injunctive relief (disbarment) against Bristow, whom Lindstedt alleged resided in Michigan. ECF Doc. 17. Specifically, Lindstedt alleged that Bristow: (1) engaged in a civil conspiracy with Reo and others to bring frivolous lawsuits against Lindstedt and his Missouri church to violate his First Amendment rights and steal his South Dakota land inheritance; and (2) defamed Lindstedt by calling him a "child molester" or "pedophile" in court filings and correspondence. ECF Doc. 17 at 2, 4-5, 7-8, 12-14, 23-28, 31-32, 34. Bristow moved, under Fed. R. Civ. P. 12(b)(2) and (b)(6), to dismiss Lindstedt's claims against him for lack of personal jurisdiction and for failure to state a claim, with a supporting sworn declaration. ECF Doc. 25. Bristow asserted that he was a Michigan resident; although an Ohio licensed attorney, he did not have any pending cases in Ohio; none of the bases for personal jurisdiction under Ohio's long-arm statute were present; and he lacked sufficient minimum contacts with Ohio to establish personal jurisdiction under the Due Process Clause of the Fourteenth Amendment. ECF Doc. 25 at 4-5, 8-10.[1]

After Lindstedt responded, I issued an R&R, recommending Bristow's motion to dismiss be granted. ECF Doc. 34; ECF Doc. 53. I reasoned that Lindstedt failed to establish personal jurisdiction under Ohio's long-arm statute because Lindstedt's conspiracy and defamation allegations did not arise out of any contention that: (1) Bristow transacted business, formed a contract, breached a warranty, possessed property, or insured a person *in* Ohio; (2) any of Bristow's conduct took place in Ohio; or (3) action Bristow took in Ohio affected Lindstedt.

---

[1] Bristow's arguments in support of dismissal for failure to state a claim are omitted because the Court granted his motion solely on the basis that it lacked personal jurisdiction. *See* ECF Doc. 90 at 11.

ECF Doc. 53 at 6-8.  I further reasoned that Lindstedt failed to establish personal jurisdiction under the Due Proces Clause because (i) communications unrelated to any interest in Ohio was an insufficient basis to find that Lindstedt personally availed himself of acting in Ohio; (ii) Lindstedt alleged that he suffered harm only in Missouri and South Dakota; (iii) Lindstedt's claims were unrelated to Bristow's Ohio law practice; (iv) Bristow did not live in Ohio; and (v) other states had a greater ties to Lindstedt's allegations than Ohio.  ECF Doc. 53 at 9-10.  Over Lindstedt's objections, the Court adopted my recommendation and granted Bristow's motion to dismiss for lack of personal jurisdiction.  ECF Doc. 63; ECF Doc. 90.

## II.     Lindstedt's Arguments

In his motion, Lindstedt challenges the Court's order as politically and morally "wrong" but does not engage with the Court's reasons for finding that it lacks personal jurisdiction over Bristow.  ECF Doc. 97 at 2, 6-7.  Instead, Lindstedt presents a narrative filled with disparaging remarks and implicit threats.  *See generally* ECF Doc. 97.  Interspersed throughout his narrative, Lindstedt asserts that: (1) Bristow has been "oppressing" Lindstedt through "lawfare" by conspiring with others to harass him and his church; (2) Bristow – working as Reo's law clerk – communicated to Lindstedt in 2016 that Reo refused to provide him legal services; (3) Bristow called Lindstedt in 2018 to ask questions about Reo's litigation; (4) Bristow drafted a motion for pre-trial interest on Reo's behalf in July 2019; (5) some of Reo's filings have been sent from a Michigan post office; and (6) Bristow sent an e-mail to Lindstedt in April 2020 admitting to being in the top echelons of society and insulted Lindstedt.  ECF Doc. 97 at 2, 4-6.  Lindstedt attached to his motion an April 28, 2020 e-mail from Bristow to Lindstedt and Reo telling Lindstedt to accept that Reo had won.  ECF Doc. 97-2.

3

### III. Legal Standard

Federal Rules of Civil Procedure 59(e) and 60 are procedural mechanisms by which a party may seek relief from a judgment or court order. Relief under Rule 59(e) is warranted when necessary to: (1) correct a clear error of law; (2) account for newly discovered evidence or an intervening change in controlling law; or (3) otherwise prevent manifest injustice. *CGH Trans., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008). Rule 60(b) allows for relief in six enumerated circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, discharged, or previously vacated judgment; and (6) any reason that may justify relief. Fed. R. Civ. P. 60(b). Regardless of which, the moving party cannot use either motion to relitigate the merits of claims or raise new claims that could have been brought before the challenged order was issued. *O'Connel v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . is merely an attempt to relitigate the case."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that a Rule 59(e) motion "is not an opportunity to re-argue a case" and cannot be used to raise arguments that could have been raised before judgment was entered).

### IV. Analysis

Lindstedt has not met his burden of establishing that reconsideration is warranted in this case. His motion does not address – or attempt to address – the District Court's determination that it lacks personal jurisdiction over Bristow. *See generally* ECF Doc. 97. And his allegations that Bristow has harassed him, refused him legal services on Reo's behalf, filed motions in Reo's cases, and e-mailed him on April 28, 2020 and that filings had been sent from Michigan were raised in his amended answer, response Bristow's motion to dismiss, and objections to the R&R.

ECF Doc. 17 at 2-3, 5, 7-8, 24-25; ECF Doc. 34 at 1-2; ECF Doc. 53 at 1-4. The Court considered and rejected Lindstedt's arguments against dismissing his claims against Bristow and his objections to the R&R. ECF Doc. 90 at 4, 7-11. Lindstedt cannot now obtain relief from the Court's grant of Bristow's motion to dismiss by repeating previously rejected arguments. *See O'Connel*, 8 F. App'x at 435; *Sault Ste. Tribe of Chippewa Indians*, 146 F.3d at 374.

## V.  Conclusion

Because Lindstedt has not shown that reconsideration of the Court's March 23, 2021 order is warranted, I recommend that his motion to alter or amend the judgment (ECF Doc. 97) be denied.

Dated: May 28, 2021

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).