IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:19-CV-02589-CAB |
| | : | |
| v. | : | Judge Christopher A. Boyko |
| | : | |
| **MARTIN LINDSTEDT,** | : | Magistrate Thomas A. Parker |
| | : | |
| Defendant. | : | |

**COUNTER-DEFENDANT STATE OF OHIO'S RESPONSE TO DEFENDANT MARTIN LINDSTEDT'S OBJECTIONS**

I. **INTRODUCTION**

Defendant Martin Lindstedt's Objections (Doc. 108) to the Magistrate Judge's Report and Recommendation (Doc. 105) should be overruled. Simply put, Defendant does not articulate any reason as to why the Magistrate Judge erred by finding that there was no justification to warrant reconsideration in this case. Rather, Defendant continues his inappropriate, racist, homophobic, and immature assault on the other parties to this case. As Defendant has not and cannot show a reason for this Court to reconsider its prior decision, this Court should overrule his Objections (Doc. 108) and adopt the Magistrate's Report and Recommendation (Doc. 105) in full.

## II. BACKGROUND

This case involves an online dispute between two individuals—Plaintiff Bryan Reo and Defendant Martin Lindstedt—that has gone on for numerous years. *See generally* Complaint, Doc. 1. In his Amended Answer, Defendant attempted to bring claims against various counter-defendants, including the State of Ohio. *See generally* Defendant's Amended Answer and Counterclaim, Doc. 17.

The State ultimately filed a Motion to Dismiss (Doc. 31) based on immunity and Defendant's failure to state a claim against it, which was later granted. Specifically, the Magistrate Judge assigned to the case issued a Report and Recommendation in which he concluded that the claims against the State should be dismissed. *See* Report and Recommendation, Doc. 50, PAGEID #474-475. Defendant later objected to the Magistrate's Report and Recommendation, but his objections were overruled by this Court. *See* Opinion and Order, Doc. 91, PAGEID #984. Accordingly, Defendant's claims against the State were dismissed.

Defendant then attempted to bring the State back into this case by filing a Motion to Amend or Alter Judgment and/or Relief from Judgment (Doc. 98). *See generally* Defendant's Motion to Amend, Doc. 98. However, he failed to present any argument as to why such extraordinary relief was required.

The Magistrate Judge ultimately denied Defendant's motion. *See* Report and Recommendation, Doc. 105, PAGEID #1104. In doing so, the Magistrate Judge found that Defendant failed to present any argument as to why reconsideration was appropriate. *Id.* At best for Defendant, the Magistrate Judge found that Defendant was attempting to re-litigate the

merits of his claims that were already rejected by this Court, which is not sufficient to entitle one to reconsideration. *Id.*

### III. LAW AND ARGUMENT

#### A. Standard of Review

A district court reviews any objections to a Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b); *Forgues v. Carpenter Lipps & Leland LLP*, No. 1:16CV2576, 2017 U.S. Dist. LEXIS 159827, at *5 (N.D.Ohio Sep. 28, 2017). The Magistrate Judge's report and recommendation addressed Defendant's Motion to Alter or Amend Judgment and/or Relief from Judgment (Doc. 98) and denied it. *See generally* Report and Recommendation, Doc. 105.

Moreover, a "District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Thus, if a party fails to file *specific* objections, then the failure to do so constitutes a waiver of those objections. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

"A district court has discretion to set aside a judgment under Rule 59(e) 'based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Jones v. Natural Essentials, Inc.*, 740 Fed. Appx. 489, 494 (6th Cir. 2018) (quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620

3

(6th Cir. 2005))) (internal quotations omitted). Moreover, "Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected." *Id.* at 495 (citing *Davison v. Roadway Exp., Inc.*, 562 F. Supp. 2d 971, 984 (N.D. Ohio 2008)). Rather, Rule 59(e) is typically used for the purpose of allowing courts to fix their mistakes without the need of going through the appeals process. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Rule 60(b) similarly bars parties from re-litigating the merits of their claims. *See Moro Aircraft Leasing, Inc. v. Keith*, No. 3:10-cv-2708, 2014 U.S. Dist. LEXIS 45807, at *4 (N.D.Ohio April 1, 2014) (citing *O'Connell v. Miller*, 8 Fed. Appx. 434, 435 (6th Cir. 2001)). Rather, relief from judgment is only available in unusual and extreme circumstances where the aggrieved party can establish one of the prerequisites enumerated in Rule 60(b) by clear and convincing evidence. *Id.* (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) and *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993)). Those prerequisites are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**B.    Defendant has waived any objections.**

Here, Defendant has failed to raise any *specific* objections to the Magistrate Judge's Report and Recommendation (Doc. 105). As a result, he has waived any objections to this decision. *See Cowherd*, 380 F.3d at 912. Rather than submitting any specific objections, Defendant continues his inappropriate, homophobic, and immature rant that has persisted ever

4

since the beginning of this litigation. He does not claim that the Magistrate Judge erred in any way whatsoever. Rather, he continues to errantly assert claims like "[n]either the State of Ohio nor the federal government take any responsibility for what to do about one of their officers of their courts using their color of law to harass and destroy those outside its jurisdiction[.]" Defendant's Objections, Doc. 108, PAGEID #1131. Such ramblings are insufficient to serve as objections to a magistrate judge's report and recommendation. *See, e.g.*, *Spencer*, 449 F.3d at 725; *Cowherd*, 380 F.3d at 912. Accordingly, Defendant has waived any objections, and the Magistrate Judge's Report and Recommendation (Doc. 105) should be adopted in full.

    **C.    The Magistrate Judge correctly found that the Defendant is not entitled to relief.**

The Magistrate Judge appropriately denied Defendant's motion, and this Court should adopt his report and recommendation in full. Defendant is not entitled to relief under either Rule 59(e) or 60(b). For example, he never claimed that the Court committed a clear error in law, that he discovered new evidence that could not have been discovered previously, that any fraud was committed by the State, or that the judgment is void. To be sure, Defendant never made any legal arguments as to why this Court should revisit its decision to dismiss the claims brought against the State. Rather, his incoherent mumblings and racist and inappropriate comments mimic his similar statements made in all of his prior filings. Therefore, he is barred from raising these same arguments now. *See Jones*, 740 Fed. Appx. at 495 (Rule 59(e)); *Moro*, 2014 U.S. Dist. LEXIS 45807 at *4 (Rule 60(b)). Accordingly, as Defendant has not shown and cannot show a reason for this Court to reconsider its previous decision, Defendant's Objections (Doc. 108) should be overruled, and the Magistrate Judge's Report and Recommendation (Doc. 105) should be adopted in full.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Objections (Doc. 108) should be overruled. As a result, this Court should adopt the Magistrate Judge's Report and Recommendation (Doc. 105) in full.

                    Respectfully submitted,

                    DAVE YOST
                    Ohio Attorney General

                    */s/ Michael A. Walton*
                    MICHAEL A. WALTON (0092201)
                    \* *Lead Counsel*
                    IRIS JIN (0092561)
                    Assistant Attorneys General
                    Constitutional Offices Section
                    30 East Broad Street, 16th Floor
                    Columbus, Ohio 43215
                    T: 614- 466-2872 | F: 614-728-7592
                    Michael.Walton@OhioAGO.gov
                    Iris.Jin@OhioAGO.gov

                    *Counsel for Counter-Defendant*
                    *State of Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Northern District of Ohio and served by U.S. Postal Service on June 1, 2021, upon:

Martin Lindstedt
338 Rabbit Track Road
Grandby, MO 64844

*Defendant/Counter-Plaintiff pro se*

                                                        */s/ Michael A. Walton*
                                                        MICHAEL A. WALTON
                                                        Assistant Attorney General