UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | CASE NO. 1:19CV2589 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Magistrate Judge's Report & Recommendation (ECF DKT #104) recommending that the Court deny the Motion (ECF DKT #100) of Defendant Martin Lindstedt to Alter or Amend under Fed.R.Civ.P. 59(e) or for Relief from Judgment under Fed.R.Civ.P. 60(b), directed at the Court's Opinion and Order (ECF DKT #92) granting Plaintiff Bryan Anthony Reo's Motion for Summary Judgment. For the following reasons, the Court adopts the Magistrate Judge's recommendation and denies Defendant's Motion (ECF DKT #100).

### I. FACTUAL BACKGROUND

Plaintiff Bryan Anthony Reo is an Ohio resident who is authorized to practice law in

Ohio.  Defendant is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri.  Defendant is representing himself in this action.  Plaintiff filed a previous lawsuit for Defamation per se and False Light Invasion of Privacy against Defendant and his church in the Lake County Court of Common Pleas.  Judge Patrick Condon presided over the Lake County trial.  In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant and his church.  Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with sexual favors appeared on a white nationalist website.  In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair.  In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress and seeking compensatory and punitive damages.  Plaintiff's wife and father filed two separate state court actions asserting the same claims.  Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds.  Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

During the course of discovery, Plaintiff served Defendant with Requests for Admissions, to which Defendant never responded.  Two of the Requests specifically asked Defendant to admit that Plaintiff suffered $250,000 in compensatory damages and should be awarded $500.000 in punitive damages.

Plaintiff moved for summary judgment on the basis that Defendant's silence admitted the factual allegations and legal conclusions in his Complaint. (ECF DKT #49). Plaintiff also separately moved for voluntary dismissal of Count III - Intentional Infliction of Emotional Distress and Count IV - Injunctive Relief of his Complaint. (ECF DKT #87). The Court dismissed Counts III and IV on March 26, 2021.

On March 29, 2021, the Court adopted the Magistrate Judge's recommendation that because Defendant never responded to Plaintiff's Requests for Admission, nor moved to withdraw them as required by Fed.R.Civ.P. 36(b), the Requests are deemed admitted. The admissions demonstrate that there are no genuine issues of fact and that Plaintiff is entitled to judgment in his favor on the Defamation (Count I) and False Light (Count II) claims. In addition, over Defendant's objections, the Court ordered that Plaintiff is entitled to judgment on these claims in the amount of $250,000 compensatory damages and $500,000 punitive damages based upon the same admissions. (ECF DKT #92).

In Defendant's Motion for Relief under Rules 59(e) and 60(b), he repeats his previous assertions that he "withdrew" the "implied admissions." Defendant asserts violations of his constitutional rights to freedom of speech, to jury trial and to be free from excessive fines. Defendant argues for dismissal of all four Reo cases, for an award of damages in his favor and for disbarment of Plaintiff and his associated attorneys.

In his Objection (ECF DKT #107), Defendant refers to his Answer and Counterclaims and repeats that he made no admissions. He contends that Plaintiff suffered no damages and decries that he was denied his right to a jury trial. (ECF DKT #107 at 3). Defendant disparages the federal and state courts. He calls the courts "corrupt" and "tyrannical;" and

points to the "precedent of what happened to Sodom and Gomorrah." (ECF DKT #107 at 2). Defendant insists that the Court has no jurisdiction over him. (ECF DKT #107 at 4). Defendant threatens the "chernobylization" of the Perry Nuclear Power Plant and insists that Northeastern Ohio must be exterminated and sterilized. (ECF DKT #107 at 6).

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review de novo any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a de novo review of relevant evidence in the record before the Magistrate Judge.

The rules governing objections to magistrate judges' reports require parties to specifically object to the problematic aspects of the report and recommendation. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b). A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. Apr. 30, 2018). Overly-generalized objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 F. App'x at 243.

**Fed.R.Civ.P. 60(b)**

A party may obtain relief from judgment for various reasons including mistake, newly discovered evidence, fraud, a void judgment, or a satisfaction or release from a prior judgment. *See* Fed.R.Civ.P. 60(b)(1–5). Additionally, a party is entitled to relief upon a showing of exceptional or extraordinary circumstances. *See* Fed.R.Civ.P.60(b)(6). A Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. 2003).

**Motion to Reconsider**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to

reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F. App'x at 959.

However, reconsideration is disfavored:

> Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues.

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996) (internal citations and quotations omitted).

Motions for reconsideration "serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F.Supp.2d 1013, 1025 (N.D.Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), cert. denied, 528 U.S. 1137 (2000).

Neither in his Motion for Relief nor in his Objection has Defendant discussed a legitimate reason why Fed.R.Civ.P. 36 does not apply to him or shown that he properly withdrew the admissions. Defendant has not demonstrated a change in applicable law, newly-available evidence, clear legal error or the need to prevent manifest injustice. Rather, he repeats the accusations set out in his Answer and his severe critiques of the American judicial system. Regardless of whether Defendant couches his arguments as a prayer for reconsideration or for relief from judgment, he cannot legitimately use either vehicle to

relitigate his case. *O'Connel v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that a Rule 59(e) motion "is not an opportunity to re-argue a case"); *McConocha, supra* at 1184.

The Court carefully considered and rejected Defendant's contentions protesting the judgment rendered in Plaintiff's favor. The Court will not tolerate the scandalous, scurrilous, vitriol-laced and threatening language used by Defendant in his Motion (ECF DKT #100) and in his Objection (ECF DKT #107). The Court refuses to treat Defendant's filing as a valid objection warranting the Court's consideration.

### III. CONCLUSION

For these reasons, the Court determines that Defendant Martin Lindstedt has not shown that reconsideration of, or relief from the Court's March 29, 2021 Opinion and Order (ECF DKT #92) granting summary judgment against him on Plaintiff's Defamation and False Light claims is warranted. Therefore, the Magistrate Judge's Report & Recommendation (ECF DKT #104) is ADOPTED and the Motion (ECF DKT #100) of Defendant Martin Lindstedt to Alter or Amend under Fed.R.Civ.P. 59(e) or for Relief from Judgment under Fed.R.Civ.P. 60(b) is DENIED.

**IT IS SO ORDERED.**

**DATE: November 18, 2021** _____

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**