**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | ) | **CASE NO. 1:19CV2589** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **MARTIN LINDSTEDT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Magistrate Judge's Report &
Recommendation (ECF DKT #80) recommending that the Court grant summary judgment in
favor of Plaintiff Bryan Anthony Reo and against Defendant Martin Lindstedt on Defendant's
Counterclaims.  For the following reasons, Plaintiff's Motion for Summary Judgment is
granted as to Defendant's Counterclaims.

**I. FACTUAL BACKGROUND**

Plaintiff is an Ohio resident who is authorized to practice law in Ohio.  Defendant is a
pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby,
Missouri.  Defendant is representing himself in this action.  Plaintiff filed a previous lawsuit
for Defamation per se and False Light Invasion of Privacy against Defendant and his church
in the Lake County Court of Common Pleas.  Judge Patrick Condon presided over the Lake
County trial.  In June 2019, a jury awarded Plaintiff $105,000 in damages against Defendant
and his church.  Defendant has appealed that judgment.

In August 2019, statements accusing Plaintiff of bribing a Missouri state judge with

sexual favors appeared on a white nationalist website.  In September, more statements were published accusing Plaintiff of an incestuous relationship with his father and of having an extramarital affair.  In response to the publication of these statements, Plaintiff filed two more actions against Defendant in state court, alleging Common Law Defamation, False Light and Intentional Infliction of Emotional Distress and seeking compensatory and punitive damages.  Plaintiff's wife and father filed two separate state court actions asserting the same claims.  Defendant subsequently removed all four cases pursuant to 28 U.S.C. § 1441 on federal question and diversity grounds.  Defendant contends that these four cases represent a coordinated effort by Plaintiff, his family and his lawyers to "steal" Defendant's 1800-acre property in South Dakota.

Previously, the Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's claims against Defendant but did not address Defendant's Counterclaims against Plaintiff.  (ECF DKT #92).

Defendant's pro se Counterclaims appear to assert that:  (1) Plaintiff was part of a civil conspiracy with Stefani Rossi Reo, Anthony Dominic Reo, Brett Klimkowsky, Kyle Bristow and others to steal Defendant's South Dakota land inheritance by bringing fraudulent cases against him and his church in state and federal court; (2) Plaintiff, as an agent of the United States, infiltrated and spied on Defendant's White Supremacist Movement and brought vexatious lawsuits against Defendant in violation of the First Amendment; (3) Plaintiff made defamatory statements about Defendant by calling him a "convicted child molester" at trial in state court; and (4) Plaintiff destroyed evidence of his misconduct.

The Magistrate Judge recommends summary judgment for Plaintiff on Defendant's

Counterclaims because Defendant failed to timely respond to Requests for Admission propounded to him on May 15, 2020.  Among the Requests were the following:

> **REQUEST FOR ADMISSION NO. 33**:  Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are wholly lacking in merit.

> **REQUEST FOR ADMISSION NO. 34**:  Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are without any evidentiary or factual basis.

The Magistrate Judge explains that Defendant did not respond in a timely manner pursuant to Fed.R.Civ.P. 36; that Defendant did not move to withdraw his admissions; and that Plaintiff would be prejudiced if Defendant were permitted to withdraw them at this late date.

In his Objections (ECF DKT #85), Defendant rejects the Magistrate Judge's finding that Plaintiff would be prejudiced in any way.  Defendant also reiterates the merits of his claims, while denigrating the state and federal judicial systems.

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review de novo any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress

-3-

intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a de novo review of relevant evidence in the record before the Magistrate Judge.

The rules governing objections to magistrate judges' reports require parties to specifically object to the problematic aspects of the report and recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b).  A party's failure to do so could result in the loss of appellate rights.  *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. Apr. 30, 2018).  Overly-generalized objections do not satisfy the specific-objection requirement.  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).  Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection.  *Andres*, 733 F. App'x at 243.

**<u>Requests for Admission</u>**

Pursuant to Fed.R.Civ.P. 36(a)(3), a failure to timely respond to a Request for Admission is deemed an admission as the Rule reads:

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or

objection addressed to the matter and signed by the party or its attorney.

However, a party may move to withdraw an admission pursuant to Rule 36(b) which reads:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

The Magistrate Judge determined that Defendant never moved to have his admissions withdrawn prior to the Report and Recommendation and the Court agrees. Instead, Defendant unilaterally withdrew his admissions because he did not want them used against him. However, he never provided direct answers to the Requests for Admission in the form required by Rule 36; and, insofar as this Court is aware, has still not done so, despite knowing that failure to do so may subject him to summary judgment.

The Court does not believe that Rule 36 or subsequent caselaw interpreting the same allows the Court to pick and choose which admissions will be withdrawn and which will be enforced when Defendant has not moved to withdraw any admissions. The plain language of Rule 36 requires the withdrawal be "on motion" and, as the Magistrate Judge correctly determined, the Court may not withdraw admissions *sua sponte*.

By rule, Defendant's admissions are deemed admitted and these admissions conclusively support summary judgment in Plaintiff's favor on Defendant's Counterclaims. "Rule 36(a) allows a party to request an admission even where the request seeks admission of 'ultimate facts' or 'is dispositive of the entire case.'" *Turk v. Citimortgage*, No. 05–70386,

-5-

2005 WL 2090888, at *3 (E.D.Mich. 2005) (*citing Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir.1979)). "Thus matters deemed admitted can serve as a basis for the granting of a motion for summary judgment." *Id*. (citing Fed. R. Civ. P. 56(c); *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.*, 606 F.2d 760, 766 (7th Cir.1979); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir.1985)).

### III. CONCLUSION

Therefore, because Defendant never responded to Plaintiff's Requests for Admissions nor moved to withdraw his implied admissions, the Court ADOPTS the Magistrate Judge's recommendation (ECF DKT #80) that they be deemed admitted and that these admissions demonstrate that there are no genuine issues of fact. Plaintiff is thus entitled to summary judgment on Defendant's Counterclaims. Accordingly, Defendant's Objections (ECF DKT #85) to the Report & Recommendation are overruled and Plaintiff's Motion for Summary Judgment is granted as to Defendant's Counterclaims.

**IT IS SO ORDERED.**

**DATE: November 18, 2021**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

-6-